612 A.2d 586

Lynn EACHUS

v.

**CHESTER COUNTY TAX CLAIM BUREAU.**

**Appeal of P & P Partners, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 2, 1992.

Decided June 24, 1992.

Andrew S. Wade, for appellant.

William J. Gallagher, for appellee.

Before DOYLE and FRIEDMAN, JJ., and LEDERER, Senior Judge.

FRIEDMAN, Judge.

P & P Partners (P & P), successful bidder[1] at a tax sale, appeals from the July 19, 1990[2] order of the Chester County Court of Common Pleas sustaining Appellee Eachus' exceptions and objections and setting aside the sale. We quash the appeal, filed October 23, 1990, as untimely. Accordingly, we do not reach any of the issues on their merits.

## PROCEDURAL HISTORY

The trial court entered the order on the docket with certificate of mailing to the parties on July 19, 1990. On August 1, P & P filed a motion for post-trial relief, without invitation by the trial court. On August 10, Eachus responded by filing a motion for post-trial relief, and on August 29, a motion to strike P & P's motion for post-trial relief as inappropriate and untimely. On September 12, P & P filed a petition for leave to file for post-trial relief *nunc pro tunc*. On September 24, the trial court struck all post-trial motions as inappropriate to a

---

1. P & P was granted permission to intervene in opposition to Eachus' exceptions and objections, filed November 12, 1987, to the sale held September 14, 1987. The exceptions were heard April 11 and 14, 1988, but no order entered until July 19, 1990.

2. All dates herein refer to 1990, unless otherwise stated.

statutory appeal and as uninvited by the court (adding, paren-thetically, that P & P's initial motion was also untimely). P & P filed both a praecipe to enter judgment and a notice of appeal on October 23. On November 5, P & P filed a motion requesting entry of a final order and refund of its bid monies. On December 12, the trial court ordered that motion held in abeyance pending the outcome of this appeal.

We quash the appeal as untimely[3] and relinquish jurisdic-tion to the trial court to resolve the motion held in abeyance.

## DISCUSSION

P & P argues that the July 19 order was not final because it neither ordered a new sale nor returned P & P's bid money; judgment was not entered; and it did not end the litigation, dispose of the entire case and put the parties out of court. Eachus, on the other hand, asserts that the July 19 order was final, and in support of her position argues that the 1989 amendment to Pa.R.C.P. No. 227.1 adding subdivision (g) is clearly dispositive of this issue. We agree.

Subdivision (g) became effective January 1, 1990, and is therefore applicable to this case:

> (g) A motion for post-trial relief may not be filed in an appeal from the final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the courts of common pleas.

Pa.R.C.P. No. 227.1(g).

> [N]ew subdivision (g) is added to the rule specifying the procedure in appeals from final determinations of certain government agencies. The Commonwealth Court has stat-ed that there are no post-trial proceedings in "statutory appeal" proceedings unless mandated by local rule. This practice has caused confusion in several respects. In many cases, *post-trial motions have been filed unnecessarily and have resulted in the loss of the right to appeal.* In other cases, attorneys have filed motions for post-trial relief and

---

3. Accordingly, we do not reach the merits of the dispute regarding issues of standing, estoppel, or substantial evidence in the sustaining of Eachus' exceptions.

appeals simultaneously because they were unable to discern the proper procedure.

New *subdivision (g) prohibits post-trial proceedings in a statutory appeal. The decision of the court in all such cases will be a final, appealable order.*

Explanatory Comment—1989, to Pa.R.C.P. No. 227.1 (emphasis added).

Eachus also asserts that all criteria for final orders set forth under Pa.R.A.P. No. 301 were clearly met by the trial court order. The order was set forth in a separate document and entered onto the docket, and the docket contained written evidence of mailing pursuant to Pa.R.C.P. No. 236. All entries were dated July 19.[4]

■ To be final and appealable, the judgment or order "must end the litigation, dispose of the entire case *or effectively put the litigant out of court," Municipality of Bethel Park Appeal,* 51 Pa.Commonwealth Ct. 128, 131, 414 A.2d 401, 403 (1980) in which the court cites *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977). Although *Bethel Park* was cited by P & P in support of its argument, it is of no help to its position. In addition to the fact that P & P seems to rely on the conjunctive "and" creating three closely related criteria, rather than the disjunctive "or" used by its cited case, *Bethel Park* is easily distinguishable factually from this case. In *Bethel Park,* the order appealed from was clearly interlocutory, because it remanded the matter to the Bethel Park Council for determination and reconsideration of additional evidence. It neither ended the litigation nor disposed of the matter. Furthermore, it did not put anyone out of court. P & P may have a claim against the Bureau for return of its bid monies; however, that does not mean that P & P is not "out of court" on the matter of the exceptions to the sale, which was the only matter before the trial court. Eachus cites *Peoples*

4. Concerning the (parenthetical) question of the untimeliness of the post-trial motion filed by P & P, and P & P's claim not to have received the order until July 24, Eachus argues that P & P thus had notice at least by July 24 that the order had been filed July 19, but did not file its motion until August 1.

*Natural Gas v. Pennsylvania Public Utilities Commission,* 124 Pa.Commonwealth Ct. 59, 555 A.2d 288 (1989) for the proposition that a final order for purposes of appeal is one that ends the litigation or disposes of the entire case, effectively putting a litigant out of court or precluding a party from presenting the merits of his claim. In *T.C.R. Realty,* the supreme court stated that:

> We have variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. *Piltzer v. Independence Savings and Loan Association,* 456 Pa. 402, 404, 319 A.2d 677, 678 (1974); *James Banda, Inc. v. Virginia Manor Apartments, Inc.,* 451 Pa. 408, 409, 303 A.2d 925, 926 (1973). Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant "out of court." *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 463, 246 A.2d 353, 355 (1968). In *Marino Estate,* 440 Pa. 492, 494, 269 A.2d 645, 646 (1969) [1970], we said that an order is not interlocutory if it precludes a party from presenting the merits of his claim to the lower court.

*Id.* 472 Pa. at 337, 372 A.2d at 724.

Eachus also quotes the Official Note to Pa.R.A.P. No. 341 which refers to orders having "final aspects," which as a practical matter put a litigant out of court with respect to certain claims, even though such orders are not dispositive of the entire case, being deemed final orders for purposes of appeal. (Eachus' Brief, at page 6). There can be no question that the July 19 order effectively put P & P out of court as to the tax sale, which was the only matter before the trial court.[5]

■ P & P next argues that the order appealed from did not become final and appealable until P & P filed a praecipe reducing it to judgment October 23. However, Eachus cor-

---

5. P & P, intervenor as disappointed bidder, has no standing to raise the question of a new sale, even at the trial court level. The Chester County Tax Claim Bureau is the proper party to have requested a new sale when the exceptions were sustained, provided that a tax delinquency then existed to justify a sale according to statute. As the Pennsylvania Supreme Court noted in *Hess v. Westerwick,* "the purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes." 366 Pa. 90, 98, 76 A.2d 745, 748 (1950).

rectly points out that the final requirement of Rule 301, reducing the order to judgment before it becomes appealable, does not apply in this case. Eachus quotes *Aronson v. City of Pittsburgh*, 86 Pa. Commonwealth Ct. 591, 595, 485 A.2d 890, 893 (1985):

> Orders following final adjudications in statutory appeals are appealable without the necessity of a formal entry of a judgment because they are not money verdicts or awards, nor are they mere directions as to which a further entry of judgment is required under Pa.R.A.P. 301(c).

Subsequent entry of judgment where judgment need not be entered is a nullity, and it does not create a new time period for appeal. *U.S. National Bank in Johnstown v. Johnson*, 506 Pa. 622, 487 A.2d 809 (1985). In cases wherein a judgment need not be entered, the appeal period commences with entry of the order from which an appeal will lie, Pa.R.A.P. No. 903(a). "Notice of appeal required by Rule 902 (Manner of Taking Appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. No. 903(a).

Eachus contends that the filing of post-trial motions did not serve to toll the time for appeal, because the Pennsylvania Supreme Court has long held that proceedings ancillary to a final order do not toll the time period within which an appeal must be taken. *220 Partnership v. Philadelphia*, 129 Pa. Commonwealth Ct. 300, 565 A.2d 518 (1989), citing in turn *In Re Hanna's Estate*, 367 Pa. 337, 80 A.2d 740 (1951). Two cases cited by Eachus are on all fours with this one: *Schuylkill County Tax Claim Bureau v. Tremont Tp.*, 104 Pa. Commonwealth Ct. 338, 522 A.2d 102 (1987), and *Schreiber v. Tax Claim Bureau*, 117 Pa. Commonwealth Ct. 588, 545 A.2d 950 (1988), *pet. for allow. den.*, 520 Pa. 622, 554 A.2d 513 (1988). In *Schuylkill*, appeal from the order setting aside the tax sale was postponed, fatally, until after the denial of post-trial motions. This court quashed the appeal, *sua sponte*, for resulting lack of jurisdiction. In *Schreiber*, this court likewise quashed the appeal, holding that an appeal did not lie from the order denying unauthorized post-trial motions.

Finally on this issue, Eachus cites *Appeal of the Borough of Churchill.*[6] This May 1990 decision by the Pennsylvania Supreme Court dealt definitively with the question of post-trial practice, whether by exceptions or motions for post-trial relief, in appeals taken directly under statute, e.g., tax sales. The court in *Borough of Churchill* dealt with cross appeals in a tax assessment matter, quashed by Commonwealth Court as untimely because they had not been timely taken from the trial court's initial dispositive order, but rather from the order dismissing the exceptions, which was entered some six months later. The Commonwealth Court held that the initial order was final and appealable when entered, that exceptions were not permitted, and that the right of appeal thus had been lost. The Supreme Court reversed, holding that although post-trial motions under the Rules of Civil Procedure have not been incorporated by reference in statutory appeals, the trial courts, in the absence of local rules on the subject, may "invite" exceptions in matters such as statutory appeals *if they choose to do so.*

In *Borough of Churchill,* unlike the case before us, the trial court had expressly requested the parties to do so, had considered the exceptions and the briefs of the parties, and had then dismissed the exceptions. The Supreme Court, in forceful language, upheld the right of the trial court to invite post-trial motions or exceptions if done so explicitly and clearly, as in that case:

> We do agree that our trial courts have had the ability to enact local rules to adopt a post-trial motion practice, so long as they were not in derogation of our statewide rules....
>
> Since *the Rules of Civil Procedure are inapplicable to statutory appeals,* rules of practice and procedure did not have to be enacted in strict compliance with the provisions of Rule 239. Rather, our *trial courts have had the right to*

6. *Appeal of the Borough of Churchill* and *Appeal of Westinghouse Electric Corporation,* (two cases), 525 Pa. 80, 83–84, 575 A.2d 550, 553–554 (1990).

*enact rules and publish these to cover practice in this area of the law.  Where they have not created and published such local rules, then each trial court has been vested with the full authority of the court to make rules of practice for the proper disposition of cases before them* and that [sic] we have enforced those rules unless they violated the Constitution or laws of the Commonwealth or United States, or our state-wide rules.  The general, inherent *power of all courts to regulate their own practice, without control, on the ground of expediency, has been recognized by this court* for almost one hundred and [sic] eighty years, [citations omitted], and we see no reason at this time to disturb that well-settled principle.

*Permitting or refusing to accept exceptions is as much within the trial court's discretion as is the right to ask counsel to submit a brief covering a particular question of law.*  No rules govern this practice, but we know that where the trial court asks for such help, the bar is quick to respond to assist the bench in disposing of the case at hand. . . .

*In this case the trial court invited the parties to file exceptions and accepted them and disposed of them, and then issued its final order.*  This practice was not in violation of our case law or statewide rules.  Our precedents have recognized the practice of inviting exceptions in tax assessment cases, and it is interesting to note that we have never imposed this step on the trial courts but have merely recognized that if they feel that such a practice is beneficial to them, who are we to interfere with the trial court's regulation of the practice before it. . . .

We reaffirm the right of the trial court to regulate the practice before it by permitting *or refusing to permit exceptions . . . in general over all statutory appeals*, whether designated as "exceptions" or as "post-trial relief."

Until and unless we promulgate specific Rules to incorporate these actions into our Civil Rules . . . the decision of

whether exceptions lie in statutory appeals is one for the trial court to make....

*Id.,* 525 Pa. at 89–91, 575 A.2d at 554–555 (emphasis added).

Citing *Borough of Churchill* in its September 24 ruling striking all post-trial motions, the trial court in the case *sub judice* correctly stated that the filing of motions for post-trial relief was not permitted, since the trial court had *not:*

> encouraged, invited nor directed counsel for the Intervenor or the Petitioner [P & P and Eachus, respectively] to file such Motions.... It is clear that the matter at bar involves a statutory appeal. *See* 72 P.S. Section 5860.607(c), –(d), –(e). It is equally clear that the Rules of Civil Procedure are inapplicable to statutory appeals. *Appeal of Borough of Churchill,* [525] Pa. [80], [87–88], 575 A.2d 550, 553–54 (1990). Nor do the Chester County Local Rules of Civil Procedure address the subject of post-trial practice in statutory appeals. We thus decline to reach the merits of the parties' post-trial motions.... [U]ntil the Supreme Court of Pennsylvania or our Court promulgate [sic] specific rules considering post-trial practice with respect to statutory appeals, we will not consider post-trial motions in such matters.... We note parenthetically that were we to consider the parties' Post–Trial Motions, we should find that the Motions were not timely filed.

Order of Leonard Sugerman, President Judge, Court of Common Pleas of Chester County, September 24, 1990.

In statutory appeals, where both the Rules of Civil Procedure and local rules are silent as to the right to file post-trial motions, none may be filed unless the trial court explicitly directs otherwise. In this case, since post-trial motions were not invited, the July 19 order was final when entered.

Although it may appear to be a harsh result, since the order dismissing post-trial motions was entered after the period for appeal had run on the July 19 order, P & P was on notice from the effective date of subdivision (g) to Rule 227.1 (January 1, 1990) and from the filing of *Borough of Churchill* (May 23, 1990) that post-trial motions were not permitted in such cases without being expressly solicited by the trial court. It was not

necessary for the trial court to educate the parties on the subject.

The order of July 19, 1990 was final and appealable. The appeal filed October 23, 1990 is quashed as untimely. Jurisdiction is relinquished to the trial court for resolution of P & P's remaining motion held in abeyance. An appropriate order will be entered.

LEDERER, J., concurs in the result only.

### ORDER

AND NOW, this 24th day of June, 1992, it is ORDERED that the appeal of P & P Partners filed October 23, 1990 is quashed, as untimely.