637 A.2d 764

**J. DOE and K. Doe, spouse of J. Doe, Appellants**

**v.**

**TOWNSHIP OF ROBINSON and James Felt, Chief of Police.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1993.

Decided Feb. 3, 1994.

Lisa G. Michel, for appellants.

Samuel P. Kamin, for appellees.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

J. Doe (Officer Doe) and K. Doe (Mrs. Doe) (collectively, Appellants) appeal from the order of the Court of Common Pleas of Allegheny County (common pleas court) sustaining the preliminary objections of the Township of Robinson (Township) and James L. Felt, Chief of Police of Robinson Township (Chief Felt), (collectively Appellees) to the amended complaint filed by Appellants and dismissing their complaint.

On January 13, 1992, Officer Doe responded to an emergency call at a local restaurant. At the scene Officer Doe administered cardiopulmonary resuscitation to a choking customer. While clearing the individual's mouth and airway Officer Doe sustained a puncture to his hand. After the individual was stabilized he was transported to a local hospital. At the hospital Officer Doe was informed that the victim tested positive for the Human Immunodeficiency Virus (HIV). Officer Doe was advised by hospital personnel that his exposure to the victim's bodily fluids required that he submit to periodic testing to monitor the possibility of infection with HIV. Officer Doe reported the incident to his immediate supervisor, Lieutenant Richard Vaniel, who then submitted a confidential written report to Chief Felt. Chief Felt arranged for Officer Doe to undergo baseline HIV testing at Ohio Valley Hospital. Chief Felt posted a written memorandum and also copied all police personnel detailing the incident and alerting them to the importance of following safety procedures during high risk situations.

On September 14, 1992, Appellants filed a civil action against the Township and Chief Felt. Officer Doe alleged in Count One of the amended complaint that:

28. The Confidentiality of HIV—Related Information Act[1] prohibits the disclosure of confidential medical information relating to an individual's HIV status, including the information that an individual has been the subject of an HIV test.

29. Defendant Felt obtained information regarding Plaintiff's status as having been the subject of HIV related testing due to his significant exposure exclusively through his employment as supervising officer of the police force. Under the Confidentiality of HIV–Related Information Act, Defendant Felt was prohibited from disclosing the confidential information to anyone except specific persons enumerated within the statute.

. . . .

32. Solely as the result of the conduct of the defendants, the plaintiff has sustained the following injuries and damages:

   a. Social stigma and ostracism resulting from disclosure of his HIV status;

   b. Public embarrassment and humiliation;

   c. Medical expenses;

   d. Impairment of mental health;

   e. Impairment of family relationships.

Amended Complaint, September 14, 1992, Paragraphs 28–29, and 32; Reproduced Record (R.R.) at 31a–32a.

Officer Doe alleged in Count Two of the amended complaint that:

34. Defendants are liable to plaintiff for invasion of privacy pursuant to Section 652D, Restatement (Second) of Torts for publicizing that plaintiff was the subject of an HIV test due to his significant exposure to an HIV positive individual where the publication of this matter is highly offensive to the reasonable person and is not a legitimate concern of the public.

1. Act of November 29, 1990, P.L. 585, *as amended,* 35 P.S. §§ 7601–7612.

35. Plaintiff has suffered embarrassment and mental anguish as a direct result of the publication of information not of any legitimate public concern.

Amended complaint, Paragraphs 34 and 35; R.R. at 32a–33a.

Finally, Mrs. Doe alleged in Count Three of the amended complaint that:

38. Defendants are liable to plaintiff for invasion of privacy pursuant to Section 652D, Restatement (Second) of Torts, Publicity given to Private Life, for publicizing Plaintiff's significant exposure to HIV as a result of her marital/sexual relations with her significantly exposed spouse where the publication of this matter is highly offensive to a reasonable person and is not a legitimate concern of the public.

Amended Complaint, Paragraph 38; R.R. at 33a.

On September 29, 1992, Appellees filed preliminary objections demurring to the amended complaint. On January 20, 1993, the common pleas court sustained the preliminary objections, concluding that Chief Felt "having only the most tenuous coverage of the Act and explicitly *not* included, as a 'first responder,' among those having duties regarding the release of information, he should not be subject to the cause of action created by the Act." Opinion of the Common Pleas Court, January 20, 1993, (emphasis in original). Appellants timely appealed to this Court and the common pleas court ordered Appellants to file a statement of matters complained of pursuant to Pa.R.A.P. 1925(b). Appellants did not timely file their statement as requested by the common pleas court and as a result the court relied on its previous reasons for sustaining the preliminary objections.[2]

On appeal Appellants contend: 1) that Appellants' failure to file a timely statement of matters complained of does not result in a waiver of their issues on appeal; 2) that Appellants' complaint set forth a cause of action concerning the disclosure of confidential information regarding Officer Doe's HIV expo-

2. The common pleas court's January 20, 1993, opinion does not address the invasion of privacy allegations in Count Two and Count Three of the amended complaint.

sure and subsequent testing under the Act; and 3) that Appellants' complaint also set forth a recognized cause of action for invasion of privacy under the Restatement (Second) of Torts § 652D.[3]

Our scope of review of an order of a common pleas court sustaining preliminary objections in the nature of a demurrer is limited to a determination of whether there has been an error of law or an abuse of discretion. *Factor v. Goode*, 149 Pa.Commonwealth Ct. 81, 612 A.2d 591 (1992). When reviewing the sustaining of preliminary objections, we must consider as true all well-pleaded facts which are material and relevant. *Id.* Preliminary objections should be sustained only in cases that are clear and free from doubt. *Wurth v. City of Philadelphia*, 136 Pa.Commonwealth Ct. 629, 584 A.2d 403 (1990).

Initially, Appellants contend that their failure to file a timely statement of matters complained of does not result in a waiver of those issues because the record and the opinion of the common pleas court provides this Court with the necessary information to conduct meaningful appellate review. It is the position of Appellants that the waiver provision of Pa. R.A.P. 1925(b) is triggered when the case proceeds beyond the preliminary objection stage.

Pa.R.A.P. 1925(b) provides:

(b) **Direction to File Statement of Matters Complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all

---

**3.** Section 652D of the Restatement provides:

652D.  Publicity Given to Private Life

One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that

(a) would be highly offensive to a reasonable person, and

(b) is not of legitimate concern to the public.

objections to the order, ruling or other matter complained of.

In *Commonwealth v. Silver*, 499 Pa. 228, 452 A.2d 1328 (1982) our Pennsylvania Supreme Court noted that Pa.R.A.P. 1925(b) is designed to facilitate appellate review and the failure of the appellant to file a statement of matters complained of as ordered by the trial court activated the waiver provision. In *Silver* the Supreme Court stated:

> The waiver provision of Rule 1925(b) is clearly discretionary. The statement provided for therein is intended to aid the trial court in the preparation of an opinion where the basis of the appeal is unclear.... The waiver provision of the Rule is properly invoked only where failure to file a statement or omission from a statement of issues raised on appeal defeats effective appellate review.

*Id.* at 238, 452 A.2d at 1333.

A review of the record reveals that the common pleas court ordered Appellants to file a statement of matters complained of within fourteen days of its February 24, 1993, order. Appellants failed to comply with the order. As a result the common pleas court relied on its January 20, 1993, opinion and dismissed the amended complaint. The common pleas court opinion did not address whether Officer Doe and Mrs. Doe alleged a cause of action for invasion of privacy in Count Two and Count Three of the amended complaint. Therefore, the reason or reasons for dismissal of Count Two and Count Three is unknown. Because this Court is unable to render meaningful appellate review of the invasion of privacy issues, the issues are waived pursuant to Pa.R.A.P. 1925(b).

■ Appellants also contend that they stated a cause of action under the Act. Appellants assert that Officer Doe is a "first responder" and Chief Felt is an "individual health care provider" as defined in Section 3 of the Act, 35 P.S. § 7603. Appellants maintain that Chief Felt is included within the class of persons prohibited from disclosing confidential HIV related information. The common pleas court did not accept this argument, concluding that "Defendant Felt is not 'a

person who provides health or social services'" and that "[t]here does not appear to be any legislative intent expressed elsewhere to give first responders the same duties as a "'health care provider.'" Opinion of the Common Pleas Court at 5. We agree.

The Act was promulgated to promote voluntary blood testing in order to control the spread of acquired immune deficiency syndrome (AIDS). Section 2 of the Act, 35 P.S. § 7602 provides:

> (b) **Further findings.**—The General Assembly further finds that individual health care providers are increasingly concerned about occupational exposure to human immunodeficiency virus (HIV), the causative agent for acquired immune deficiency syndrome (AIDS). Due to the nature of their work, individual health care providers and first responders frequently come into contact with the blood and/or body fluids of individuals whose HIV infection status is not known. Regardless of the use of universal precautions to prevent HIV transmission between patients and individual health care providers, there will be instances of significant exposure to the blood and/or body fluids of patients.

> (c) **Intent.**—It is the intent of the General Assembly to provide a narrow exposure notification and information mechanism for individual health care providers or first responders, who experience a significant exposure to a patient's blood and/or body fluids, to learn of a patient's HIV infection status and thereby obtain the means to make informed decisions with respect to modes and duration of therapy as well as measure to reduce the likelihood of transmitting an infection to others.

Additionally, Section 3 of the Act, 35 P.S. § 7603 defines the terms "first responder" and "individual health care provider" as follows:

> **"First responder."** Police, firefighters, rescue personnel or any other person who provides emergency response, first aid or other medically related assistance either in the course of their occupational duties or as a volunteer, which may expose them to contact with a person's bodily fluids.

. . . .

"**Individual health care provider.**" A physician, nurse, emergency medical services worker, chiropractor, optometrist, psychologist, nurse-midwife, physician assistant, dentist or other person, including a professional corporation or partnership, providing medical nursing, drug or alcohol rehabilitation services, mental health service, other health care services or an employee or agent of such individual or an institutional health care provider.

Finally, Section 7 of the Act, 35 P.S. § 7607 provides:

(a) **Limitations on disclosure.**—No person or employee, or agent of such person, who obtains confidential HIV-related information in the course of providing any health or social service or pursuant to a release of confidential HIV-related information under subsection (c) may disclose or be compelled to disclose the information.

In the present controversy it is undisputed that Officer Doe satisfies the requirements of a "first responder." Officer Doe is a police officer who rendered emergency aid to a choking victim while in the course of his employment. Section 3 of the Act defines the term "individual health care provider" as either an individual, professional corporation or partnership that provides health or social services. However, the individuals and entities set forth and specified as an "individual health care provider" in Section 3 of the Act cannot be fairly and reasonably interpreted to include Robinson Township or Chief Felt.

Clearly, Chief Felt is not an individual engaged in providing health or social services. The powers delegated to Chief Felt and other police officers of the Township are found in Section 1403 of The First Class Township Code (Code), 53 P.S. § 56403.[4] Section 1403 of the Code provides:

Policemen shall be ex-officio constables of the township and may, without warrant and on view, arrest and commit for hearing any and all persons ... who may be engaged in the commission of any unlawful act tending to imperil the

4. Act of June 24, 1931, P.L. 1206, *as amended.*

personal security or endanger the property of the citizens, or violating any of the ordinances of the township for the violation of which a fine or penalty is imposed.

53 P.S. § 56403. The foregoing statutory grant of authority to police officers under the Code does not encompass health and social services. Because the limitation on the disclosure of confidential HIV-related information applies to only those individuals providing health or social services, the common pleas court properly concluded that Appellants failed to state a cause of action under the Act.[5] The common pleas court did not err as a matter of law or abuse its discretion in sustaining the preliminary objections.

Accordingly, we affirm the decision of the common pleas court.

## ORDER

AND NOW, this 3rd day of February, 1994, the order of the Common Pleas Court of Allegheny County, dated, January 20, 1993, at GD 92–11704, is affirmed.

---

**5.** Because of this Court's resolution of Appellants' first issue, we need not address the merits of the remaining issues.