In re Appeal of SHEETZ, INC., from the Action of the Board of Assessment and Revision of Taxes for Blair County.

In re Appeal of Stanton R. SHEETZ, from the Action of the Board of Assessment and Revision of Taxes for Blair County.

Appeal of BLAIR COUNTY BOARD OF ASSESSMENT AND REVISION OF TAXES FOR BLAIR COUNTY, Appellant.

Commonwealth Court of Pennsylvania.

Submitted Nov. 17, 1993.

Decided July 18, 1994.

Publication Ordered Dec. 15, 1994.

David R.M. Barnes, for appellant.

Dusty Elias Kirk, for appellee.

Before CRAIG, President Judge, and COLINS, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

McGINLEY, Judge.

Our review of the record in the present case reveals, for purposes of subject matter jurisdiction, that the Board of Assessment's appeal was not filed within thirty days of the trial court's December 18, 1991, order. Although the record indicates that the trial court did issue a subsequent May 6, 1992, order denying the Board's post-trial motions, we note that in tax assessment cases, post-trial motions are not permitted absent a request by the trial court. *See Appeal of Borough of Churchill,* 525 Pa. 80, 575 A.2d 550 (1990).

As a result, on April 13, 1994, this Court entered a per curiam order remanding this matter to the Court of Common Pleas of Blair County for a clarification on the record as to whether the trial court specifically requested post-trial motions. On May 20, 1994, this Court received a reply entitled "Response of Trial Judge to Order Remanding This Case for Clarification," wherein the trial judge states, "I did not specifically invite exceptions or post-trial motions when I filed my Decision and Order of December 18, 1991, in this case, and it is my understanding that there is no local rule of Court specifically governing tax assessment appeals."

Absent record evidence that the trial court specifically requested post-trial motions subject matter jurisdiction cannot be conferred upon this Court by consent of the parties or by the tacit acquiescence of the trial court in ruling on uninvited post-trial motions. Accordingly, we conclude that the Board's appeal from the trial court's decision is untimely and we thereby quash this appeal on the basis that this Court lacks subject matter jurisdiction.

## ORDER

AND NOW, this 18th day of July, 1994, for the reasons set forth in the foregoing opinion, the appeal of the Appellant Blair County Board of Assessment in the above-captioned matter is quashed.

SMITH, Judge, dissenting.

If the trial court did not specifically invite nor encourage exceptions or post-trial motions to the courts December 18, 1991 order, it was incumbent upon the trial court to refuse disposition of the Board's post-trial motions rather than to decide them on the merits. My strong concerns emanate from the fact that both counsel represented at oral argument that post-trial motions were authorized by the trial court; this Court's jurisdiction was not called into question by Appellee although admittedly that issue may be raised sua sponte by this Court; the trial court considered the arguments advanced by the Board; and the trial court's representations to this Court do not necessarily contradict those made by counsel. It is apparent on the face of the trial court's order that it did not invite exceptions or post-trial motions.

In *Eachus v. Chester County Tax Claim Bureau*, 148 Pa.Commonwealth Ct. 625, 612 A.2d 586 (1992), the trial court dismissed a post-trial motion filed after the court entered its order setting aside a tax sale, concluding that the filing of such motion was not permitted because the court had not encouraged, invited or directed counsel to file post-trial motions, and the Pennsylvania Rules of Civil Procedure are inapplicable to statutory appeals and local rules of civil procedure did not address post-trial practice in statutory appeals. *See Appeal of Borough of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990). Instantly, while acknowledging that no local rules of civil procedure existed in Blair County to govern post-trial practice in statutory appeals, the trial court does not deny that it accepted the Board's filing of its post-trial motions and ruled on the merits. On this record, the equities weigh in favor of allowing the Board's appeal to this Court as timely filed and I would therefore not quash the appeal.