## In re UPSET PRICE TAX SALE FOR SPRINGFIELD TOWNSHIP.

### Appeal of Donald GLEN, Appellant.

Commonwealth Court of Pennsylvania.

Argued May 6, 1997.
Decided Sept. 18, 1997.

Michael P. Dignazio, Media, for appellant.

Julie A. Auerbach, Media, for appellee.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Donald Glen appeals from an order of the Court of Common Pleas of Delaware County that set aside his purchase of property at a tax sale. The question Glen states is whether the trial court erred in setting aside the sale, where the amount tendered by the owner after the sale did not comply with the requirements of Section 501(a) of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.501(a).

Carl P. Mudrick failed to pay 1989 real estate taxes on a property that he owned in Springfield Township, and the Delaware County Tax Claim Bureau (Bureau) listed the property for a tax sale on September 9, 1991 of properties with tax delinquencies for 1988 and 1989. The Final Notice of Public Sale indicated an approximate upset price of $589.25. The office of Mudrick's attorney mailed a copy of the Final Notice and a certified check for that amount on September 4, 1991. The Bureau received the check on the day of the sale, but not until after Glen successfully bid on the property in the morning. Glen paid the full upset sale price portion of his bid, $1,908.63, which included 1991 school taxes not yet paid. Because of high volume, the Bureau departed from its noticed requirement of payment of the full amount of the bid by 3:00 p.m. on the day of the sale, and Glen paid the balance the next day.

■ The trial court considered the question of when the tax "sale" actually takes place under the Real Estate Tax Sale Law. It concluded that the former case law rule designating the fall of the auctioneer's hammer no longer applies, following 1986 amendments to Section 501 and Section 102, 72 P.S. § 5860.102, which permit redemption until "actual sale," now defined in Section 102 as payment of the full amount agreed to be paid by the bidder. The court set aside the sale as contrary to statute. Glen filed a motion for post-trial relief. In an order of June 13, 1996, partially vacated by order of June 28, 1996, the trial court denied the post-trial

motion.[1]

## I

The Court first sua sponte examines the question of its jurisdiction in this matter. In *Appeal of Borough of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990), the Supreme Court reversed this Court's decision to quash appeals in a real estate tax assessment case. In 1986 the trial court ruled upon valuation from the bench and informed the parties that they could file exceptions or an appeal. The parties filed post-trial motions pursuant to Pa. R.C.P. No. 227.1, and they appealed from the order disposing of those motions. This Court concluded that because there was no provision for post-trial motions in such cases, the ruling on post-trial motions was a nullity, and there were no timely appeals from the trial court's original, appealable order.

In reversing, the Supreme Court stated that the filing of exceptions had long been part of the practice relating to tax assessment appeals. The Supreme Court held that where the Rules of Civil Procedure do not apply to a particular proceeding, and where no controlling local rule of procedure has been adopted by the common pleas court, a trial court is vested with authority to regulate the practice before it. In regulating local practice, the trial court may permit or refuse to permit exceptions in statutory appeals, unless and until the Supreme Court promulgates specific rules to incorporate statutory appeals into the Rules of Civil Procedure. Because the trial court invited the exceptions, its acceptance and disposal of them was proper.

By order of December 18, 1989, the Supreme Court amended Rule 227.1 by adding subdivision (g): "A motion for post-trial relief may not be filed in an appeal from the final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the courts of common pleas." The Explanatory Comment—1989 states: "New subdivision (g) prohibits post-trial proceedings in a statutory appeal. The decision of the court in all such cases will be a final, appealable order."

In *Eachus v. Chester County Tax Claim Bureau*, 148 Pa.Cmwlth. 625, 612 A.2d 586 (1992), *appeal denied sub nom. P & P Partners v. Eachus*, 534 Pa. 643, 626 A.2d 1161 (1993), a successful bidder at a real estate tax sale and later the original owner, without invitation from the court, filed post-trial motions to the trial court's July 1990 order sustaining objections and setting aside the sale. Well after the period for filing an appeal from that order ran, the trial court issued an order striking and denying all post-trial motions as inappropriate. This Court agreed that the proceeding pursuant to Section 607 of the Real Estate Tax Sale Law, 72 P.S. § 5860.607, was a statutory appeal. Noting that the trial court had not invited or encouraged the filing of post-trial motions, this Court dismissed the appeal here as untimely. Allowance of appeal was denied.

The case of *Shapiro v. Center Township, Butler County*, 159 Pa.Cmwlth. 82, 632 A.2d 994 (1993), *appeal denied*, 537 Pa. 635, 642 A.2d 488 (1994), involved an appeal from an order denying posttrial motions following a proceeding in common pleas court on writs of scire facias sur municipal claim. This Court determined that post-trial motions were not appropriate; however, because the trial court promptly scheduled argument on the motions when they were filed, the Court concluded that the circumstances were similar to those in *Appeal of Borough of Churchill* and declined to quash the appeal. The Supreme Court denied allowance of appeal.

In *Appeal of Yardley*, 166 Pa.Cmwlth. 596, 646 A.2d 751 (1994), the trial court issued a decree nisi confirming a real estate tax sale,

1. The certified record includes the trial court's opinion in support of the June 1996 orders denying post-trial relief, dated October 11, 1996. The opinion notes that Glen failed to respond to an order to file a statement of matters complained of on appeal. Because the June 1996 order, as amended, is the order from which Glen appeals, his failure to append the opinion in support of that order violated Pa. R.A.P. 2111(b). Although the Court does not condone counsel's omissions, or failure to provide a fully accurate reproduced record, the Court will not quash this appeal but will proceed instead to rule on the substantial jurisdictional issue raised by the Court. Counsel is cautioned, however, that the Court expects strict compliance with the Rules of Appellate Procedure from parties engaged in appeal before the Court.

to which an individual who owned 50 percent of the stock of the corporation whose property had been sold filed exceptions. Following a hearing the trial court entered an order confirming the sale, and the individual filed a motion for post-trial relief. An appeal was taken from the order denying that motion, which was issued several months later. This Court stated that the appeal was not timely, because Pa. R.C.P. No. 227.1(c) prohibits motions for post-trial relief on matters governed exclusively by the rules of petition practice. Nevertheless, the Court chose to rule upon other important issues that the case raised.

Most recently, in *In re Appeal of Sheetz, Inc.*, 651 A.2d 563 (Pa.Cmwlth.), *rev'd per curiam*, 539 Pa. 107, 650 A.2d 443 (1994), this Court quashed an appeal that was taken from a ruling upon post-trial motions in a real estate tax assessment case. In response to a remand order from this Court for clarification, the trial court stated that it had not invited the post-trial motions and that no local rule applied. Although the trial court's order was issued December 18, 1991, long after the effective date of Rule 227.1(g), and the tax assessment appeal was a statutory appeal to which Pa. R.C.P. No. 227.1(g) applied, the Supreme Court in a brief per curiam order reversed this Court and remanded for consideration of the merits, citing *Appeal of Borough of Churchill*.

In each case where a trial court ruled upon the merits of post-trial motions and this Court quashed the appeal, the Supreme Court reversed and remanded. Accordingly, the Court expressly concludes from a close reading of *Appeal of Borough of Churchill*, *Shapiro* and *In re Appeal of Sheetz, Inc.* that, absent some local rule prohibiting the filing of post-trial motions in a particular type of proceeding, where a trial court has ruled upon the merits of post-trial motions, that ruling is the order from which an appeal may be taken. Glen's appeal to this Court from the order of the trial court denying the post-trial motion therefore was timely.

## II

In this appeal, Glen does not dispute any of the trial court's findings or conclusions as to when an "actual sale" takes place, such that the former owner may no longer redeem the property. Rather, Glen now argues that the $589.25 tendered by Mudrick was insufficient. He asserts that the amount of the "redemption payment" is specified in Section 501(a) the Real Estate Tax Sale Law, which provides in part:

> If, prior to July 1 of the year following the notice of claim, payment is made in an amount equal to the sum of:
>
> (1) outstanding taxes entered on notice of claim and interest due on those taxes;
>
> (2) the amount of all accrued taxes which have been returned and remain unpaid; and
>
> (3) the record costs;
>
> then the subject property shall be removed from exposure to sale....

Glen's Appendix "D", which is Bureau Ex. TCB–2 V, is a document dated "8/15/91," which lists amounts owing to various taxing authorities for several parcels and owners, including $1,391.38 in the "SCHOOL" column for C. Mudrick. Glen asserts that this document indicates that these taxes had been returned and remained unpaid and that they must be added to the $589.25 to arrive at the total upset price of $1,908.63, which Mudrick had to pay before the actual sale in order to redeem the property under Section 501(c), 72 P.S. § 5860.501(c). Because the total amount was not tendered, Glen asserts that nothing stood in the way of his purchase, and the trial court's order setting aside the sale should be reversed.

The Court notes that this argument was not addressed in the trial court's decision of February 9, 1994. Because of Glen's failure to respond when ordered to file a statement of matters complained of on appeal, the issue was not addressed in the trial court's October 1996 opinion in support of the June 1996 orders. Pa. R.A.P. 1925(b) provides in part: "A failure to comply with such direction [to file a concise statement of matters complained of on appeal] may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of." Rule 1925(b) is dis-

cretionary; however, it is properly invoked where the failure to file a statement of matters complained of has the effect of defeating effective appellate review. *Doe v. Township of Robinson,* 161 Pa.Cmwlth. 604, 637 A.2d 764 (1994) (citing *Commonwealth v. Silver,* 499 Pa. 228, 452 A.2d 1328 (1982)).

In *Doe* the appellants did not comply with an order to file a concise statement of matters complained of on appeal. The trial court's opinion in support of its order sustaining preliminary objections to an amended complaint repeated the court's previously stated reasons relating to the first count and again did not address the theories advanced in the second and third counts of the complaint. Therefore, the trial court's reasons for dismissing those counts were unknown. This Court held that it was unable to render meaningful appellate review of those issues and that they therefore were waived pursuant to Pa. R.A.P. 1925(b). The circumstances are exactly the same here. Because Glen waived the only issue that he raises, the Court disposes of his appeal by affirming the order of the trial court.[2]

### ORDER

AND NOW, this 18th day of September, 1997, the order of the Court of Common Pleas of Delaware County is affirmed.

---

2. Should the merits of Glen's position be considered, he would not prevail. As Mudrick stresses, the provisions of Section 501 of the Real Estate Tax Sale Law specifying the amount that the owner must pay to remove the property from exposure to sale are different from those of Section 605, 72 P.S. § 5860.605, relating to upset sale price. Section 605 provides that the upset price to be realized at a sale must include "(d) the amount of all accrued taxes including taxes levied for the current year, whether or not returned, a record of which shall be furnished to the bureau by tax collectors, receivers of taxes and taxing districts...." Glen's representation to this Court that the $1,391.38 school tax shown on Bureau Ex. TCB–2 V constituted taxes that had been returned and remained unpaid on the date of the sale is without basis in the evidence or in statute.

Section 306, 72 P.S. § 5860.306, relating in part to return of property and delinquent taxes, provides in subsections (a) and (c) that the tax collector for each municipal taxing authority shall make a return to the tax claim bureau on or before the last day of April of each year, but not earlier than the first day of January of that year, listing taxes due and payable in the preceding calendar year that remain unpaid. Albert Young, the Treasurer/Tax Collector for Springfield Township, characterized Bureau Ex. TCB–2 V as the listing of any outstanding school taxes, township taxes, sewer rents and so on that he provided in response to the Bureau's request for such information for properties that might go to tax sale, not as a "return." N.T., pp. 77–78. The first page of the bid sheet for Glen's purchase, Bureau Ex. TCB–2 P, lists the $1,391.38 school tax in a section headed "MUNICIPAL CLAIMS 1991." Under Section 306, a "return" for the year 1991 could not be made before January 1, 1992, and the 1991 school taxes that Mudrick had not paid as of the date of the sale on September 9, 1991 were not "returned" and remaining unpaid within the meaning of Section 501.