Robert M. **CODISPOT** and Julie A. Codispot, Appellants

v.

**BUTLER COUNTY TAX CLAIM BUREAU, Butler Area School District and Hartland Acres, Inc.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 2007.

Decided Dec. 4, 2007.

Reargument Denied Jan. 24, 2008.

Kurt S. Rishor, Butler, for appellants.

David E. Holland, Erie, for appellee, Hartland Acres, Inc.

BEFORE: COLINS, Judge, FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Robert M. Codispot and Julie A. Codispot (collectively, Owners) appeal from an order of the Court of Common Pleas of Butler County (Trial Court) that denied Owners' Motion for Leave to File Post–Trial Motions *Nunc Pro Tunc* (*Nunc Pro Tunc* Motion), and granted the Motion to Strike Owners' *Nunc Pro Tunc* Motion filed by Hartland Acres, Inc. (Hartland). We affirm.

Owners are the former owners of real property known as 285 Muddy Creek Drive in Clay Township, Butler County, Pennsylvania (the Property). Owners had been delinquent in the payment of their real estate taxes every year since their purchase thereof, namely in 2000, 2001, 2002, and 2003. Reproduced Record (R.R.) at 65a. The Butler County Tax Claim Bureau (Bureau) listed the Property for tax sale in 2002, 2003, and 2004. *Id.* Owners had previously defaulted on an installment payment plan negotiated with the Bureau in 2002. R.R. at 66a.

The Bureau sold the Property at a tax sale to Hartland on September 13, 2004. Owners thereafter filed Exceptions and Objections to the tax sale on October 12, 2004, and the Trial Court entered an order dated June 29, 2005, following a hearing thereon, overruling Owners' Exceptions and Objections and confirming the sale of the Property as absolute.

Subsequently, Owners retained new counsel, who then filed a Praecipe to Enter Appearance and the *Nunc Pro Tunc* Motion with the Trial Court on July 22, 2005. Owners therein asserted that an improper party, Butler Area School District (Butler District), had been permitted to appear in the case, and requested that the Trial Court stay all proceedings, enter an order directing transcription of the prior proceedings, and permit Owners to file post-trial motions within ten days of receipt of the transcript. The July 22, 2005 filing by Owners was beyond the ten-day filing period for post-trial relief mandated by Pa. R.C.P. No. 227.1(c).[1] Hartland responded

---

**1.** Pennsylvania Rule of Civil Procedure No. 227.1(c) reads, in relevant part:

Rule 227.1. Post–Trial Relief

* * *

(c) Post-trial motions shall be filed within

to Owners' filing by filing a Motion to Strike the *Nunc Pro Tunc* Motion.

The Trial Court heard argument on the parties' respective Motions, and received briefs thereon, and by order dated November 22, 2005, denied Owners' *Nunc Pro Tunc* Motion and granted Hartland's Motion to Strike.

Citing the Bureau's status as a local agency responsible for the administration and collection of taxes, the Trial Court held that Pa.R.C.P. No. 227.1(g) barred Owners' *Nunc Pro Tunc* Motion. Pa. R.C.P. No. 227.1(g) states:

Post–Trial Relief

\* \* \*

(g) A motion for post-trial relief may not be filed in an appeal from the final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the courts of common pleas.

The Trial Court declined to address the merits of Owners' arguments defending the untimely filing of their *Nunc Pro Tunc* Motion, holding those merits irrelevant in light of the prohibition of relief articulated in Rule 227.1(g)

The Trial Court further dismissed Owners' argument that the Trial Court's June 29, 2005 order could not be considered an appealable final order because the caption incorrectly included the Butler District, while the Property is actually located within the Moniteau School District (Moniteau District). In dismissing this contention, the Trial Court noted that this argument "does not go to the merits of the case," and

ten days after
(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
(2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

further noted that both the Butler District and the Moniteau District were represented by the same law firm and attorney. Owners now appeal the Trial Court's order to this Court.

■ This court's review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision lacking in supporting evidence, or erred as a matter of law. *In re: Dauphin County Tax Claim Bureau*, 834 A.2d 1229 (Pa.Cmwlth.2003).

Owners have presented the following issues [2] on appeal:

A.) Whether the Trial Court erred in holding that post-trial relief matters involving a Commonwealth agency are expressly prohibited by Pa.R.C.P. No. 227.1(g).

B.) Whether the Trial Court erred in failing to find that Butler District was an improper intervening party, and that the proper school district was never joined.

C.) Whether the Trial Court erred by failing to find that Bureau did not strictly comply with 72 P.S. § 5860.602(g) relating to print size requirement.

D.) Whether the Trial Court erred by failing to find that Bureau did not strictly comply with 72 P.S. § 5860.601(3) relating to effectuating personal service by the County Sheriff.

E.) Whether the Trial Court erred by failing to find that Bureau did not strictly comply with 72 P.S. § 5860.602(e)(3) relating to posting a Notice of Public Tax Sale.

**2.** We note that Owners present, in their brief to this Court, more issues in their Questions Presented section, than they do Argument sections and/or specific arguments. We have consolidated and reordered Owners' Questions Presented in the interests of clarity.

F.) Whether the Trial Court erred by finding that an actual sale occurred when Owners were told they had until the end of the public sale day to redeem their Property.

G.) Whether the Trial Court erred by failing to find that Owners had redeemed their Property prior to the tax sale to Hartland via a tender of the required funds prior to payment of the upset price by Hartland.

■ Notwithstanding the plethora of issues presented hereto by Owners, the threshold issue in the case *sub judice* is the first issue advanced by Owners, namely, whether the Trial Court erred in denying Owners' untimely *Nunc Pro Tunc* Motion on the basis of its application of Pa. R.C.P. No. 227.1(g).

We first note that the Trial Court did not deny Owners' *Nunc Pro Tunc* Motion on the basis of its untimeliness. While the Trial Court's opinion in this matter does indeed acknowledge the factual circumstances asserted by Owners' in defense of their untimeliness, the Trial Court makes clear, in several places within its brief opinion, that it is not the untimeliness of the Motion that guided the Trial Court's denial thereof:

> [Bureau] is a local agency as defined by 2 Pa.C.S.A. § 101 that is responsible for the administration and collection of delinquent real estate taxes. Therefore, Pa.R.C.P. 227.1(g) governs the case at hand and bars Plaintiffs' Motion for Leave to File Post–Trial Motions.

> \* \* \*

The foregoing assertions [explaining Owners' reasons for its untimely filing] are irrelevant, as the filing of a motion for post-trial relief in the instant case is expressly prohibited by Pa.R.C.P. 227.1(g).

\* \* \*

> However, Pa.R.C.P. 227.1(g) expressly prohibits motions for post-trial relief in a statutory appeal.

Trial Court Opinion at 2–4. Quite clearly, and without any ambiguity whatsoever, the Trial Court relied solely and squarely on Pa.R.C.P. No. 227.1(g) in its denial of Owners' Motion, and as such, we will first examine that rationale for error.

Before the Trial Court, Owners relied upon this Court's precedent in *In re: Upset Price Tax Sale for Springfield Township*, 700 A.2d 607 (Pa.Cmwlth.1997), which addressed the jurisdictional question of presiding over appeals where post-trial relief was sought in cases involving a local government agency and the restrictions imposed by Pa.R.C.P. No. 227.1(g). This Court held:

> In each case where a trial court ruled upon the merits of post-trial motions and this Court quashed the appeal, the Supreme Court reversed and remanded. Accordingly, the Court expressly concludes from a close reading of *Appeal of Borough of Churchill, Shapiro[v. Center Township, Butler County*, 159 Pa. Cmwlth. 82, 632 A.2d 994 (993)] and *In re Appeal of Sheetz, Inc.*[651 A.2d 563 (PaCmwlth.1994)] that, absent some local rule prohibiting the filing of post-trial motions in a particular type of proceeding, where a trial court has ruled upon the merits of post-trial motions, that ruling is the order from which an appeal may be taken.

*Springfield Township*, 700 A.2d at 610 (citations omitted). Owners argue that the Trial Court contradicted the holding in *Springfield Township* in concluding that Rule 227.1(g) prohibited the post-trial re-

lief sought.[3] Owners also emphasize that the Trial Court had presided over two hearings on the *Nunc Pro Tunc* Motion, and that therefore the Trial Court erred in failing to address the merits of the *Nunc Pro Tunc* Motion, and in failing to grant or dismiss that Motion based on those merits. Owners assert that this matter should be remanded for such determination of the *Nunc Pro Tunc* Motion on the merits.

Owners, however, misread the applicability of *Springfield Township,* and the precedents applied therein, to the facts at hand. *Springfield Township* addressed the jurisdictional question *for this Court* in presiding over appeals where a trial court had ruled upon post-trial motions. That precedent did not mandate, either implicitly or expressly, that a Trial Court rule upon the merits of a post-trial motion under the facts then at bar (or before us in this matter), but simply stated that **"where a trial court has ruled upon the merits** of post trial motions, that ruling is the order from which an appeal may be taken." *Id.* (emphasis added). In the instant matter, and notwithstanding the Trial Court's entertainment of two hearings below on the Motion as emphasized by Owners, there is no dispute that the Trial Court's order did not rule upon the merits of Owners' *Nunc Pro Tunc* Motion. The arguments in Owners' own brief to this Court—as well as their requested relief, in part—recognize that no such ruling on the merits was made.

This Court has directly addressed *Springfield Township,* and the precedents on which that case stands, in *In re: PP&L, Inc.,* 838 A.2d 1 (Pa.Cmwlth.2003). In that case, in part relevant to the instant appeal, PP&L argued that the Court of Common Pleas of Luzerne County had the inherent authority to exercise its discretion in accepting and ruling upon post-trial motions in a tax assessment case governed by Rule 227.1(g). We wrote:

PP&L relies on authority beginning with the leading case of *Appeal of Borough of Churchill,* 525 Pa. 80, 575 A.2d 550 (1990). In *Appeal of Borough of Churchill,* exceptions were filed to a trial court's order in an assessment appeal. Ultimately, the trial court disposed of the exceptions, and a further appeal was taken to this Court. In the absence of statutory authority or statewide procedural rule, this Court quashed the appeal taken from the order disposing of exceptions. The Supreme Court reversed, holding that even in the absence of rules governing statutory appeals, **when the trial court accepts post-trial motions it *may* complete the process.** The Supreme Court remanded to this Court for consideration of the appeals on the merits.

Despite the subsequent promulgation of the current version of *Pa. R.C.P. No. 227.1,* which explicitly prohibits post-trial practice in statutory appeals, **this Court continues to permit post-trial practice in those cases where the trial court finds it helpful.** The evolution of the position was fully discussed in *Upset Price Tax Sale for Springfield* Township . . . in which this Court concluded (with emphasis added):

. . . *where a trial court has ruled upon the merits of post-trial motions, that ruling is the order from which an appeal may be taken.*

The lessons from the *Borough of Churchill–Springfield Township* line of cases are several. All cases addressed appeals taken from the order disposing

---

**3.** We note that there is no dispute in this case that *Butler County has no local rule expressly*

prohibiting the post-trial motion filed herein.

of post-trial motions, equivalent to the Second Order here. **In all cases, post-trial practice was permitted *where the trial court found it helpful.***

*PP&L*, 838 A.2d at .5–7. In *PP&L*, we have made it quite clear that "Pa. R.C.P. No. 227.1 ... explicitly prohibits post-trial practice in statutory appeals", with the sole specific exception thereto to be entertained on appeal only in cases where the "trial court finds it helpful" to entertain the merits advanced in such post-trial practice. *Id.* at 5.

One consistent factor running through *PP&L*, *Springfield Township*, and *Borough of Churchill*, is the implicit recognition that, despite the clear language of Pa.R.C.P. No. 227.1(g), a trial court clearly *may* exercise its discretion in entertaining post-trial motions notwithstanding the applicability of the Rule. A second consistent factor stated in each of those precedents— and the dispositive factor in the case at bar—is that appeal is proper from post-trial motion action in a trial court where the trial court has ruled upon *the merits* thereof. *See also Eachus v. Chester County Tax Claim Bureau*, 148 Pa.Cmwlth. 625, 612 A.2d 586 (1992), *petition for allowance of appeal denied sub nom., P & P Partners v. Eachus*, 534 Pa. 643, 626 A.2d 1161 (1993) (an uninvited motion for post-trial relief was inappropriate in a statutory appeal unless expressly solicited by the trial court); G. Ronald Darlington, et al., *Pennsylvania Appellate Practice*, § 302:7 at 375 (2006).

In the instant matter, Owners do not assert—and we cannot discern—any abuse of discretion on the Trial Court's part in its choice not to rule upon the merits of Owners' Motion. As noted above, the Trial Court did not err as a matter of law in not choosing to entertain the merits of Owners' Motion, or in its concomitant choice to enforce the express prohibition articulated in Pa.R.C.P. No. 227.1(g). The Trial Court's opinion makes clear that it had no need for further entertainment of the merits contained within the Motion, clearly stating that "[O]wners have fully argued this case before the Court on several occasions." Trial Court Opinion at 3.

■ There is no authority for Owners' implicit assertion that a trial court must entertain post-trial motions in an appeal from the final determination of a local or state agency; in fact, such a mandate directly contradicts the express and plain language of Rule 227.1(g). As noted in the foregoing analysis, our precedents make clear, however, that a trial court may choose to entertain the merits of post-trial motions notwithstanding the Rule's prohibition, in cases where the trial court would find such post-trial activity to be helpful, and where the trial court chooses to rule on the merits of that post-trial activity. As such, the Trial Court in this instance did not commit an error of law in denying Owners' Motion by choosing to enforce the clear mandate of Rule 227.1, in light of the Trial Court's apparent lack of any need to again address the merits advanced by Owners.

Accordingly, we affirm.[4],[5]

**4.** In light of our disposition of Owners' first issue, we will not address the remainder of Owners' presented issues.

**5.** We emphasize, tangentially, that notwithstanding our disposition of this case on the stated grounds, Owners failed to preserve all but one issue in this matter. The sole presented issue within the *Nunc Pro Tunc* Motion, in terms of the merits in this case, is the appearance of Butler District as an improper party, and the prejudice that may have been suffered as a result by Owners. R.R. at 172a–175a. Had the Trial Court chosen to entertain the merits of Owners' *Nunc Pro Tunc* Motion, we have previously held that a party's failure to object to a Trial Court's actions in a

### ORDER

AND NOW, this 4th day of December, 2007, the order of the Court of Common Pleas of Butler County in the above-captioned matter is affirmed.

post-trial motion under Rule 227.1 results in a failure to preserve those issues on appeal; such a waiver cannot be remedied by listing otherwise waived issues in a Pa. R.A.P. 1925(b) Statement of Matters Complained Of on Appeal. *See The Ridings at Whitpain Homeowners Association v. Schiller,* 811 A.2d 1111 (Pa.Cmwlth.2002).