# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Albert Greeley, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1369 C.D. 2017 |
| | : | SUBMITTED: February 16, 2018 |
| John E. Wetzel | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  April 4, 2018**

Albert Greeley (Greeley), an inmate, appeals from an order of the Court of Common Pleas of Greene County (trial court) that dismissed his complaint against John E. Wetzel, Secretary of the Pennsylvania Department of Corrections.  We affirm.

The pertinent background of this case is as follows.  In April 2017, a hearing examiner conducted a video misconduct hearing concerning Greeley's disciplinary charges for possession or use of dangerous or controlled substances, unauthorized use of the mail or telephone, and encouraging unauthorized group activity.  Greeley pled guilty to the charge pertaining to three-way telephone calls and not guilty to the remaining charges.  The hearing examiner accepted Greeley's guilty plea to the phone charge and found him guilty of the remaining charges.  Accordingly, the hearing examiner imposed 270 days of disciplinary custody time.

(Record, Item No. 11, August 29, 2017, Civil Action Mandamus, Exhibit No. 2, May 20, 2015, Disciplinary Hearing Report at 1.)

In August 2017, Greeley filed a complaint against the Secretary based on the aforementioned disciplinary action.[1] Primarily, he alleged deprivations of due process during the course of his hearing and bias on the part of the hearing examiner. Before service of the complaint on Secretary Wetzel, the trial court entered an order dismissing it. Following Greeley's appeal, the trial court issued an opinion confirming its order and supporting rationale. Greeley's appeal followed. As reflected in his concise statement of errors complained of on appeal, Greeley raises the following issue for review:[2] "Did the lower court err when it perfunctorily dismissed Plaintiff's civil action mandamus against the Secretary of the Pennsylvania Department of Corrections; when the sole relief Plaintiff was seeking was a preliminary injunction?" (Record, Item No. 7, November 3, 2017, Concise Statement of Errors Complained of on Appeal at 1.)

In its opinion, the trial court characterized Greeley's complaint as one sounding in "prison conditions litigation" and determined that, under the facts as presented, the Secretary would have been entitled to assert a valid affirmative defense of sovereign immunity. Accordingly, concluding that the basis of Greeley's

_____

[1] When he filed his complaint, Greeley also applied for leave to proceed *in forma pauperis*. In its order dismissing the complaint, the trial court acknowledged that Greeley filed proper statements relating to his assets and opined that he lacked sufficient funds to file the necessary filing fee. (August 28, 2017, Trial Court Order.)

[2] Even though counsel for the Secretary in his brief referenced an alleged addendum to the concise statement, there is no such document in the record and the trial court did not acknowledge any such addendum in its opinion filed in accordance with Pa. R.A.P. 1925. Further, even though Greeley raised four issues in his brief, he did not reference any addendum therein in support of augmenting his issues on appeal. Accordingly, to the extent that Greeley raised additional issues in his brief to this Court, we find that he waived them. *See* Pa. R.A.P. 1925(b)(4)(vii) (issues not included in the concise statement are waived).

2

complaint was the disciplinary action that was alleged to have been taken against him, the court dismissed his complaint.

> "Prison conditions litigation" is defined as follows:
>
> A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

Section 6601 of the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. § 6601. Pursuant to Section 6602(e)(2) of PLRA, 42 Pa. C.S. § 6602(e)(2), a court shall dismiss such litigation at any time if it determines, *inter alia*, that the litigation fails to state a claim upon which relief may be granted "or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief."

In the present case, even though Greeley asserts that he was seeking preliminary injunctive relief, he failed to allege the elements necessary for such a claim. For example, he failed to plead irreparable harm if the misconduct decision was not reversed and/or remanded, failed to allege adverse conditions in the restricted housing unit where inmates serve disciplinary custody, and failed to allege justification for remanding the matter to a different hearing examiner. In addition, the only provision in the complaint referencing injunctive relief is found in the prayer for relief and provides: "Award Plaintiff preliminary injunctive relief by vacating the convictions . . . and remanding the Disciplinary Hearing in front of an impartial Hearing Examiner." (Record, Item No. 11, August 29, 2017, Civil Action Mandamus, Prayer for Relief, ¶ B.)

3

Moreover, the only basis for Greeley's lawsuit against the Secretary was the stated averment that he was responsible for the oversight and business of the Pennsylvania Department of Corrections. (Record, Item No. 11, August 29, 2017, Civil Action Mandamus, ¶ 48.) As the trial court alluded, the Secretary as a Commonwealth employee acting within the course and scope of his employment is entitled to sovereign immunity as to any negligent acts. Section 8522(a) of the Judicial Code, 42 Pa. C.S. § 8522(a); Article I, Section 11 of the Pennsylvania Constitution, 1 Pa. C.S. § 2310. In addition, a Commonwealth party acting within the scope of his or her employment is immune from liability even for intentional acts which cause emotional distress. *Holt v. Nw. Pa. Training P'ship Consortium, Inc.*, 694 A.2d 1134, 1140 (Pa. Cmwlth. 1997). Finally, to the extent that Greeley is seeking a mandatory injunction, sovereign immunity also applies. *Stackhouse v. Pa. State Police*, 892 A.2d 54, 61 (Pa. Cmwlth. 2006). Accordingly, we conclude that, even considering as true all of Greeley's well-pleaded facts which are material and relevant,[3] his complaint fails to state a claim upon which relief may be granted.

Accordingly, we affirm.

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[3] *See Doe Twp. v. Robinson*, 637 A.2d 764, 767 (Pa. Cmwlth. 1994).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Greeley,                          :
                   Appellant     :
                                   :
           v.                                :    No. 1369 C.D. 2017
                                   :
John E. Wetzel                           :

# **O R D E R**

AND NOW, this 4th day of April, 2018, the order of the Court of Common Pleas of Greene County is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge