## 531 A.2d 588

In the Matter of: Condemnation by the City of Pittsburgh of Certain Land in the City of Pittsburgh, Allegheny County, Pennsylvania, Being Property of: Hildagarde H. Walker, or any other persons found to have an interest in the property. City of Pittsburgh, Appellant.

Argued May 18, 1987, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Marion E. Popiel,* for appellant.

No appearance for appellee.

OPINION BY JUDGE PALLADINO, September 25, 1987:
The City of Pittsburgh (Appellant) appeals an order of the Court of Common Pleas of Allegheny County (trial court) which transferred the above-captioned matter to an arbitration panel. We reverse.

This eminent domain proceeding involves the condemnation and taking by the Urban Redevelopment Authority of Pittsburgh of certain property located in the city. The matter was heard by a board of viewers which made an award of damages in the amount of $10,700 to the owner, Hildagarde H. Walker. Appellant filed a timely appeal demanding a jury trial. The trial court entered an order transferring the case to a panel of arbitrators for hearing.

The Appellant in its appeal from the trial court's order, contends that under the Allegheny County Local Rules of Court, the trial court had no authority to transfer this matter to a panel of arbitrators for hearing. We agree.

Section 515 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-515 (Code), provides that any party aggrieved by the decision of a board of viewers may appeal to the court of common pleas. The issue then becomes whether the court of common pleas may, when it has before it an appeal from a board of view, order the matter heard by a panel of arbitrators.

The trial court relies on Allegheny County Local Rule 212 VIII which provides that matters which do not involve questions of title to lands or tenements shall be transferred to the jurisdiction of arbitrators where the amount in actual controversy does not exceed jurisdictional limits. However, Allegheny County Local Rule 613(j), regarding appeals in eminent domain proceedings, states: "On appeal from viewers the following local pre-trial procedure rules shall not be applicable: . . . Rule 212 VIII relating to transfer to arbitrators."[1]

Rule 613(j) is plain and clear. Appeals from a board of viewers are not to be transferred to the jurisdiction of

---

[1] Rule 613(j) provides:

(j) On appeal from viewers the following Local Pre-Trial Procedure Rules shall not be applicable:

Rule 212 IV B Relating to the submission of a Certificate of Compliance

Rule 212 VI relating to pre-trial statements and the exchange of reports

Rule 212 VIII relating to transfer to arbitrators

Rule 212 XII C relating to the submission of reports at a pre-trial conciliation conference.

arbitrators but must be heard on appeal directly by the court of common pleas.[2]

Accordingly, we reverse the order of the trial court.[3]

---

[2] The language of the Eminent Domain Code itself suggests that its drafters intended the same requirement. Under Article VII—Evidence, the Code states:

§1-703 *Trial in the court of common pleas on appeal*

At the *trial in court* on appeal:

(1) Either party may, as a matter of right, have the *jury, or the judge in a trial without a jury,* view the property involved, notwithstanding that structures have been demolished or the site altered, and the view shall be evidentiary. *If the trial is with a jury, the trial judge shall accompany the jury on the view.*

Section 703 of the Code, 26 P.S. §1-703 (emphasis added).

The highlighted sections indicate that the drafters of the Code contemplated that appeals from the decisions of viewers would be heard only in a court of common pleas sitting either with or without a jury, and *not* by a panel of arbitrators.

[3] In its opinion, the trial court attempts to avoid appellate review, of the transfer to arbitration by claiming that it is a non-final interlocutory order and hence unappealable. We disagree. Under the test of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541 (1949), adopted by our Supreme Court in *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978), an order of a trial court is final and appealable if: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment of the case, the claimed right will be irreparably lost. *Brink's Inc. v. Pennsylvania Public Utility Commission,* 68 Pa. Commonwealth Ct. 196, 198-99, 448 A.2d 709, 710 (1982).

The issue of the arbitrability of an appeal from the Board of Viewers' decision is clearly separate and collateral to the merits of the viewers' award. Furthermore, should this case go to arbitration, reviewed at a de novo trial by the trial court, and appealed to this court, the issue of arbitrability would be entirely moot, and the right to proceed directly to trial by jury would have been lost. Therefore, the first and third elements of the *Cohen* test are clearly present in this appeal. Finally, given the clear pronouncement by the drafters of the Allegheny County Local Rules of Court along

### ORDER

AND NOW, September 25, 1987, the order of the Court of Common Pleas of Allegheny County transferring the above-captioned matter to arbitration is reversed and the case remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

with the intent of the drafters of the Eminent Domain Code as demonstrated in Section 703, we consider the issue presented in this appeal, namely, the right to proceed directly to trial and avoid the extended costs and delays of arbitration, to be of sufficient import to warrant review by this court. Accordingly, the trial court order is final and appealable.