564 A.2d 1049

Marlene TALASNIK

v.

**BOARD OF REVISION OF TAXES OF The CITY OF PHILADELPHIA and the City of Philadelphia and the School District of Philadelphia.**

Appeal of BOARD OF REVISION OF TAXES OF The CITY OF PHILADELPHIA, et al., Appellants.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1989.

Decided Oct. 16, 1989.

Thomas J. Wamser, Deputy City Sol., with him, Timothy B. Kiser, Chief Asst. City Sol., Philadelphia, for appellants.

Allen L. Feingold, A.L. Feingold Associates, Philadelphia, for appellee.

Before CRAIG and DOYLE, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Board of Revision of Taxes of the City and School District of Philadelphia (Appellant) has appealed from an order of the Court of Common Pleas of Philadelphia County. That court, in response to Appellee Marlene Talasnik's motion for sanctions for Appellant's failure to comply with a discovery request, granted the motion and directed Appellant "to participate in discovery without prejudice to its right to raise other objections which may be appropriate." Appellee has filed a motion to quash this appeal as interloc-

utory, which this Court directed the parties to brief and argue along with the merits of the appeal.[1]

This case concerns a tax assessment appeal which Appellee filed in common pleas court, seeking reassessment of real property within the City of Philadelphia. As part of those proceedings, Appellee noticed the deposition of Joseph N. Williams, Appeals Administrator for Appellant. Apparently, after several unsuccessful attempts to reschedule the deposition she had continued at Appellant's request, Appellee again noticed the deposition. Appellant informed Appellee that it would not produce Mr. Williams on the grounds that discovery rules did not apply in tax appeal cases. Appellee then filed the motion for sanctions to compel the deposition which gave rise to the order which is the subject of this appeal.

The trial court's memorandum and order, in its entirety, provides as follows:

The issue before the court is relatively simple: it [sic] is discovery authorized when a party appeals to the Court of Common Pleas and challenges a real estate tax assessment.

We believe the correct answer to this question is 'yes.' The City characterizes the proceedings before the Court as an 'appeal.' Assuming the accuracy of the characterization, the fact remains that there is a 'proceeding' before the Court. Pa.R.C.P. No. 4001(a)(1) covers all manner of 'proceedings' and is broad enough to encompass matters like this.

Meanwhile, this dispute arose because the plaintiff attempted to depose the Administrator of the Board of Tax Review. The City objected because it believed that no discovery was permissible. It is entirely possible that there are other grounds to bar this deposition. We note in passing that the City has averred that the Administra-

1. We had originally entered an order on April 17, 1989 quashing this appeal. In a *per curiam* order dated May 24, 1989, we granted Appellant's application for reargument, vacated the April 17 order and directed that the motion to quash be argued with the merits.

tor knows nothing about this case and the like. See, e.g., Rule 4011 (barring discovery which is unreasonably burdensome or relates to a matter which may be privileged). Consequently, we will grant the plaintiffs [sic] motion and direct the City to participate in discovery without prejudice to its right to raise other objections which may be appropriate.

Appellant contends that we should reach the merits of this appeal, to decide whether the discovery rules are applicable to tax assessment appeals, because of the "collateral order doctrine." In *Pugar v. Greco*, 483 Pa. 68, 72–4, 394 A.2d 542, 544–45 (1978), our Supreme Court discussed that exception to the general rule that only final orders are appealable:

It is, of course, well settled that an appeal will lie only from a final order unless otherwise permitted by statute.... A final order is one which usually ends the litigation, or alternatively, disposes of the entire case.... In determining what constitutes a final order we have followed the approach of *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), in that we look to 'a practical rather than technical construction' of an order. In Cohen, the Supreme Court of the United States carved out an exception to the final judgment rule for situations where postponement of appeal until after final judgment might result in irreparable loss of the right asserted. Under Cohen, an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost....

We applied Cohen in *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 228, 348 A.2d 734, 735 (1975), where we said: 'Whether an order is final and appealable cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical

effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications.' We have also said that if the practical consequence of the order by the trial court is effectively to put an appellant 'out of court' the order will be treated as final.... Similarly, an order is 'final' if it precludes a party from presenting the merits of his claim to the lower court. (Citations omitted; footnote omitted.)

Appellant argues that it has met all three prongs of the *Cohen* test.[2] Having studied the trial court's order and its ramifications, we must disagree. While the issue of whether discovery proceedings apply in tax assessment appeals is certainly collateral to the main issue of the correct assessment of Appellee's property, and while this collateral issue arguably involves a right too important to escape review, we simply cannot agree with Appellant that its claimed right will be irreparably lost if it is denied review at this juncture in the litigation.

Appellant argues that its situation is analogous to the facts of *City of Pittsburgh Appeal*, 109 Pa.Commonwealth Ct. 545, 531 A.2d 588 (1987). In *City of Pittsburgh*, we decided that an order transferring an eminent domain appeal, in which a jury trial was demanded, to a panel of arbitrators for hearing was final because of the collateral order doctrine. With respect to the third prong of *Cohen*, we decided that the right to proceed directly to trial by jury would be irreparably lost were we not to entertain the appeal. Here, we are unable to conclude that Appellant's claimed right to be free of discovery proceedings *will be* irreparably lost, because Appellant has failed to pursue the "other objections" to discovery the trial court invited it to raise. It is entirely possible that the challenged discovery would be barred on other grounds. Simply stated, the practical consequences of the trial court's order have not put this Appellant "out of court."

**2.** As our Supreme Court emphasized in *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985), all three requirements must be met in order to fall within the *Cohen* exception.

For these reasons, we must quash this appeal without addressing the merits.

## ORDER

AND NOW, this 16th day of October, 1989, the appeal in the above-captioned matter is hereby quashed.