Gertrude GILYARD and Doris Jackson,

v.

**REDEVELOPMENT AUTHORITY OF PHILADELPHIA, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 6, 2001.

Decided July 13, 2001.

Francis J. Moran, Philadelphia, for appellant.

No appearance entered for appellee.

Before FRIEDMAN, Judge, FLAHERTY, Senior Judge and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Redevelopment Authority of the City of Philadelphia (RDA) appeals from the orders of the Court of Common Pleas of Philadelphia County (trial court) dated October 11 and October 13, 2000, which remanded to arbitration an appeal of a condemnation award by a Board of View. We reverse.

On April 22, 1998, RDA condemned the premises located at 1911 Carpenter Street, Philadelphia, and appraised its fair market value as of that date as $4,000. Gertrude Gilyard and Doris Jackson (Appellees) maintain that the property was declared part of an urban renewal project and had a fair market value of $40,000. Pursuant to the relevant provisions of the Eminent Domain Code (Code),[1] a Board of View inspected the property, held a hearing, and, by report dated November 8, 1999, awarded Appellees $4,000 plus delay damages and attorney fees. Asserting that the award was inadequate, Appellees filed an appeal from the Board of View's award with the trial court and demanded a jury trial.

---

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101—1–903.

By order dated September 27, 2000, citing Pa. R.C.P. No. 1201(d), the trial court remanded the matter for arbitration and scheduled an arbitration hearing for October 16, 2000. In its order of October 11, 2000, the trial court found that a remand for arbitration would conserve judicial resources, provide an inexpensive and expeditious resolution of the case, and preserve the right to a jury trial provided by the Code. The trial court also determined that there was no local rule or specific provision of the Code that restricted its discretionary power to remand cases for arbitration. On October 13, 2000, the trial court vacated the September 27, 2000 order and reaffirmed the findings and order of October 11, 2000.

RDA appealed to this Court, which required RDA to file a docketing statement and heard argument on the finality and appealability of the trial court's orders. By single-judge order dated November 30, 2000, this Court held that the matter is collateral to the Board of View's award, is of unique and significant importance and would be mooted if arbitration were to proceed as ordered, thus warranting review by a panel of this Court.[2]

■ RDA observes that, while the Rules of Civil Procedure have occasionally been applied in an "instructive" manner, this Court has repeatedly held that the Rules of Civil Procedure are not applicable to eminent domain proceedings. *North Penn Water Authority v. A Certain Parcel*

*of Land,* 168 Pa.Cmwlth. 477, 650 A.2d 1197 (1994); *Hall v. Middletown Township Delaware County Sewer Authority,* 75 Pa. Cmwlth. 181, 461 A.2d 899 (1983). RDA also argues that the trial court was without authority to compel arbitration in this matter, because the Code sets forth the exclusive procedure to be followed in eminent domain cases.[3] We agree.

■ The express language of the statute reflects that the Code is "intended ... to provide a *complete and exclusive procedure and law* to govern all condemnations of property for public purposes and the assessment of damages therefor ...." Section 303 of the Code, 26 P.S. § 1–303 (emphasis added). The procedures for determining damages are set forth in Article V of the Code, 26 P.S. §§ 1–501—1–522. Section 502 provides that a condemnee may file a petition for the appointment of a board of viewers to ascertain just compensation, and Section 515 clearly states that "[a]ny party aggrieved by the decision of the viewers may appeal to the court of common pleas." 26 P.S. §§ 1–502, 1–515. The comprehensive provisions contained in Article V of the Code make no reference to any other procedure for determining damages. This Court has also found that the language of Section 703 of the Code reflects an intent that appeals from a board of viewers would be heard *only* in a court of common pleas, with or without a jury, and not by a panel of arbitrators.[4] *Matter*

---

**2.** See Pa. R.A.P. 313 (appeal as of right from a collateral order).

**3.** By letter dated February 12, 2001, Appellees informed this Court that they agree with RDA's legal arguments and would not file an opposing brief.

**4.** In pertinent part, Section 703 of the Code states:

§ 1–703 Trial in the court of common pleas on appeal

At the trial in court on appeal:

(1) Either party may, as a matter of right, have the jury, or the judge in a trial without a jury, view the property involved, notwithstanding that structures have been demolished or the site altered, and the view shall be evidentiary. If the trial is with a jury, the trial judge shall accompany the jury on the view.

26 P.S. § 1–703.

*of Walker*, 109 Pa.Cmwlth. 545, 531 A.2d 588 (1987).

Because the Code specifically provides an aggrieved party the right to appeal the decision of a board of viewers directly to the court of common pleas, we conclude that the trial court had no authority to transfer the matter to a panel of arbitrators for a hearing. Accordingly, we reverse.

### ORDER

NOW, *July 13, 2001*, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed.