

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2004

# Govt of VI v. 0.459 Acres of Land

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4318

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Govt of VI v. 0.459 Acres of Land" (2004). *2004 Decisions.* Paper 582.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/582

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4318

GOVERNMENT OF THE VIRGIN ISLANDS,

Appellant

v.

0.459 ACRES OF LAND CONSISTING OF FOLLOWING; PARCEL NO. 6A
ESTATE THOMAS KINGS QUARTER AND PARCEL NO. 9A ESTATE THOMAS,
VIRGIN ISLANDS

Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
(D.C. Civil Action No. 99-cv-00064)

District Judge:  Honorable Raymond L. Finch
District Judge: Honorable Thomas K. Moore
Territorial Judge:  Daryl Dean Donohue

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2004

Before: BARRY, AMBRO, and SMITH, Circuit Judges

(Opinion filed:  June 25, 2004)

OPINION

AMBRO, <u>Circuit Judge</u>

The Government of the Virgin Islands appeals the District Court's order affirming the Territorial Court's confirmation of the arbitration award given to landowners to compensate for their condemned property. Because we conclude that the eminent domain statute of the Virgin Islands, 28 V.I. Code Ann. §§ 411–422, does not bar the parties from arbitrating the amount of compensation, we affirm.

## I.

In August 1992, the V.I. Government filed an eminent domain action in the Territorial Court after negotiating for several years with landowners for the taking of their property.[1] The V.I. Government sought a declaration of taking and an order vesting title in it,[2] and as compensation for the taking claimed that the property was worth approximately $1.2 million.

One month later, the landowners removed the action to the District Court of the Virgin Islands based on diversity jurisdiction, which was granted over the V.I. Government's objection. Thereafter, the V.I. Government and the landowners stipulated

---

[1] The property was owned by Jolie Stahl and Barry Brown as co-trustees of the Long Bay Trust. The co-trustees themselves had filed an action for inverse condemnation in the District Court before V.I. Government's eminent domain action was filed in the Territorial Court.

[2] The Territorial Court entered the order vesting title.

to refer their dispute to arbitration. An Assistant Attorney General signed the stipulation, which provided that the parties would abide by the award rendered by the arbitrator. In October 1994, the arbitrator awarded the landowners $2.89 million as compensation.

In December 1994, after the Attorney General of the Virgin Islands was informed that the United States Government would not contribute to the arbitration award for amounts in excess of $1.6 million, the V.I. Government motioned to dismiss the award. Conversely, the landowners moved to confirm it, and the District Court did so.

In February 1996, we vacated the District Court's order confirming the arbitration award by concluding that the removal of the V.I. Government's eminent domain action from the Territorial Court to the District Court was improper because the V.I. Government could not be considered a citizen for purposes of establishing diversity of citizenship jurisdiction. *Brown v. Francis*, 75 F.3d 860 (3d Cir. 1996). We directed the District Court to remand the eminent domain action to the Territorial Court. *Id*. at 867.

The Territorial Court upheld the arbitration award by finding that the V.I. Government can agree to, and engage in, binding arbitration to determine the amount of compensation to be awarded the property owners. The District Court's Appellate Division affirmed the Territorial Court's order. The V.I. Government now appeals.[3]

## II.

### A.

___

[3]We have appellate jurisdiction under 48 U.S.C. § 1613a(c) and § 28 U.S.C. § 1291.

The V.I. Government's argument essentially is that the Assistant Attorney General did not have authority to enter into the arbitration agreement because the V.I.'s eminent domain statute allows only trials and a determination by a commission, and does not allow any alternative forms of dispute resolution, including arbitration. The V.I. Government points to § 418 of the statute, which provides that the issue of just compensation "shall be tried by the court." 28 V.I. Code Ann. § 418. It makes much of the fact that the legislature used the word "court" (as opposed to "arbitrator") throughout the statute, and the words "judgment" and "action" are used while the word "arbitration" is absent. It claims that these choices of words clearly show the legislative intent to preclude arbitration as a form of possible relief. Finally, the V.I. Government points to Federal Rule of Civil Procedure 71A (which is referred to in one of the provisions in the V.I. eminent domain statute) and stresses that Rule 71A also provides that the just compensation issue must be tried "by the court" or determined by a commission.

We do not agree. To us, all § 418 and Rule 71A do is to provide specific procedures to follow when compensation for a taking is being litigated. Although the statute does not specifically recognize arbitration as a remedy, neither does it prohibit resolution of the compensation dispute through arbitration. In this context, silence is hardly the legislature's "clear" intent to preclude arbitration.

As the District Court noted, arbitration is a voluntary remedy, and the parties may freely agree to refer their dispute to arbitration. Because arbitrators derive their authority

4

to resolve disputes from the parties' agreement, they do not need to have an express statutory provision recognizing arbitration as a remedy to be able to enter a binding arbitration award. *See AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648–49 (1986).[4]

In this case, the V.I. Government does not dispute that it voluntarily entered into an arbitration agreement. The record also shows that the V.I. Government actively participated in the arbitration hearing without any objection to arbitrability of the compensation issue. It is little surprise, then, that we find no reason to invalidate the parties' agreement or the resulting arbitration award.

### B.

The V.I. Government next asserts that the compensation awarded by the arbitrator is not "just" given the financial crisis the V.I. is facing. It claims that the compensation would be burdensome to the taxpayers and therefore the interest in enforcing the arbitration agreement is outweighed by public policy considerations. We do not address

---

[4]The V.I. Government also claims that the provisions in the statute conferring a right to appeal should be read as prohibiting arbitration. Relying on *Gilyard v. Redevelopment Auth. of Philadelphia*, 780 A.2d 793 (Pa. Commw. Ct. 2001), the V.I. Government argues that the issue cannot be transferred to an arbitrator because doing so deprives it of its appeal right. We are not, of course, bound by the Commonwealth Court's decision interpreting the Pennsylvania eminent domain statute. In any event, that statute expressly provides that it was "intended ... to provide a complete and exclusive procedure" governing the assessment of damages. *Id.* at 794. The party in *Gilyard* had appealed the condemnation award entered by a Board of View to the trial court when it compelled arbitration over the party's objection. *Id.* at 793. Here the parties voluntarily gave up their right to litigate before there was any judgment or hearing.

this issue, however, because it is a question on the merits that was not before the District Court and is not before us.

## C.

The V.I. Government also claims that, because *Brown v. Francis* mandated the action be restored to its pre-removal posture, the arbitration award cannot be enforced. This issue was not raised before the Territorial Court nor before the District Court. In any event, the *Brown* panel stated that "it is possible that if the arbitration award can be enforced in a jurisdictionally correct proceeding, this entire controversy may be put to rest without the need for extensive proceedings on the remand." 75 F.3d at 868. Because the arbitration award has been enforced on remand by the jurisdictionally correct forum–the Territorial Court–we conclude that this controversy is resolved.

\* \* \* \* \*

We affirm the District Court's order upholding the Territorial Court's confirmation of the arbitration award.