PITTSBURGH WATER AND
SEWER AUTHORITY

v.

Richard W. GLADSTONE, II
and Diana L. Hunkele,
Appellants.

Commonwealth Court of Pennsylvania.

Argued April 20, 2010.
Decided June 23, 2010.

Richard W. Gladstone, II, Pittsburgh, for appellants.

Charles L. Caputo, Pittsburgh, for appellee.

BEFORE: LEADBETTER, President Judge, BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY President Judge LEADBETTER.

Appellants, Richard W. Gladstone,[1] II and Diana L. Hunkele, proceeding *pro se,* appeal from the order of the Allegheny County Court of Common Pleas (common pleas) granting a new trial. This matter arises from a statutory appeal filed by Appellants from a determination of the Pittsburgh Water and Sewer Authority (Authority) following a hearing held before that agency's Water Exoneration Hearing Board (Board).

Appellants and one other individual reside at 5807 Walnut Street, Pittsburgh, PA (the Residence). On May 29, 2007, the Authority sent an invoice to Appellants for water service at the Residence for the thirty-four day period dating from April 18, 2007, through May 21, 2007. The May 29, 2007 invoice totaled $12,627.18 based upon a purported consumption of 1,204,000 gallons of water. The meter reading history for water usage at the Residence for the twenty-three months prior to May 2007 indicated usage had not exceeded 10,-000 gallons per month and often had not exceeded 5,000 gallons per month. The average monthly invoice amount, which re-

---

1. Mr. Gladstone is a member of the Pennsyl-     vania Bar.

flected both actual meter readings and estimates, was less than fifty dollars.

Gladstone challenged the May 29, 2007 invoice. A hearing on the disputed bill was held before the Board on February 20, 2008. By letter dated March 18, 2008, the Authority informed Gladstone that it had reviewed the recommendation of the Board and determined that the Authority had failed to invoice Gladstone in a timely manner. The Authority offered Gladstone the following accommodation:

An exoneration is recommended to reduce the amount in dispute by 50%. Penalty and interest will be removed

Gladstone rejected the proposed accommodation, and thereafter, filed an appeal in common pleas.

Common pleas immediately issued a writ of certiorari and directed counsel for the Authority to file the entire record, or certified copies thereof, of the proceedings before the Board. The Authority filed a return consisting of non-certified copies of five documents:

1. The March 18, 2008 decision of the Authority;

2. A January 22, 2008 letter scheduling a February 20, 2008 hearing before the Board;

3. A January 3, 2008 letter from Gladstone challenging the May 29, 2007 invoice;

4. The billing history and meter reading history of the Residence for the period February 18, 2004, through August 18, 2008; and

5. A copy of the Notice of Appeal filed by Gladstone.

2. Common pleas initially denied the petition for post-trial relief as untimely. An appeal was then filed with this Court. However, it soon came to light that a docketing error had led to an improper notation on the docket that the non-jury verdict mailing date was October 3, 2008. The verdict was actually mailed to the parties on October 7, 2008.

Common pleas held a hearing on September 16, 2008. During the hearing, common pleas engaged in a colloquy with Gladstone and the Authority's attorney regarding the appropriate standard of review. The Authority's attorney stated the hearing should be conducted as a "*de novo* proceeding" in which "the burden is still on the customer to show that the Authority erred." Thereafter, common pleas conducted a *de novo* hearing. Common pleas rendered a verdict in Gladstone's favor and entered an order, which reduced the invoice to $42.98, but did not make findings of fact or conclusions of law.

The Authority filed a petition for post-trial relief requesting either the entry of a verdict in its favor, or in the alternative, a new trial.[2] Common pleas heard oral arguments on the merits of the Authority's petition for post-trial relief.

Common pleas found that the scope of review in a statutory appeal is non-discretionary under Section 754 of the Administrative Agency Law (AAL), 2 Pa.C.S. § 754, and, therefore, if a complete record from below existed, common pleas could not validly conduct a *de novo* evidentiary hearing on matters sufficiently addressed by the agency record. In its opinion, the common pleas held the following:

The court may not advance to a de novo hearing without first having made a determination of the sufficiency of the record below. Assuming the court determines that the record developed before the local agency is incomplete, that finding must be articulated to parties before going forward. See, *City of Philadel-*

Consequently, the Authority's petition for post-trial relief was timely filed on October 16, 2008. The parties jointly petitioned the Commonwealth Court to relinquish jurisdiction for the purpose of enabling common pleas to rule upon the petition for post-trial relief. This Court relinquished jurisdiction.

*phia, supra,* and *Lawrence Township Appeal,* 117 Pa.Cmwlth. 508, 544 A.2d 1070 (1988). Once a court determines that an agency has not made a complete record and announces that determination to the parties, then, as suggested by Section 754(a), the court enjoys significant discretion as to how best to assemble the requisite factual record. See, *Pittsburgh Board of Public Education v. MJN,* 105 Pa.Cmwlth. 397, 524 A.2d 1385 (1987) allocatur denied 518 Pa. 633, 541 A.2d 1392 (1988); *Sparacino v. Zoning Board of Adjustment of the City of Philadelphia,* 728 A.2d 445 (Pa.Cmwlth. 1999). But, the court must inform the parties if it elects to function as a *nisi prius* court and intends to gather and weigh evidence, and must then proceed to develop an adequate record that enables it to make its own findings of fact and conclusions of law according to an adequate record. See, *The Board of Pensions and Retirement of the City of Philadelphia v. Einhorn,* 65 Pa.Cmwlth. 144, 442 A.2d 21 (1982).

Common Pleas Opinion at 6. In its opinion, common pleas further found that the record filed by the Authority was not a full and complete record, and, consequently, a *de novo* proceeding was proper. *Id.* at 7. However, common pleas concluded that it had erred by advancing directly to a *de novo* hearing without first determining the sufficiency of the record below. Common pleas issued an order permitting the Authority to augment the record it had filed and granting the Authority's request for a new trial. Gladstone filed an interlocutory appeal in this court challenging common pleas grant of a new trial.

■ Upon appeal, this court requested briefing on the following question:

When a court of common pleas in a statutory appeal proceeding hears the matter *de novo,* and then grants post-trial relief ordering a new hearing before the court, is that interlocutory order appealable as of right pursuant to Pa. R.A.P. 311, 313, or 341 or any other theory of appealability?

Whether the court has jurisdiction to hear an interlocutory appeal from an order granting a new trial pursuant to Pa. R.C.P. No. 227.1 in a statutory appeal has not previously been addressed by this court.

■ As a general rule, post-trial motions are not permitted in statutory appeals unless they are expressly solicited by the trial court. *Eachus v. Chester County Tax Claim Bureau,* 148 Pa.Cmwlth. 625, 612 A.2d 586 (1992). Further, this Court has held that where a trial court rules on the merits of a post-trial motion, even if it never invited or authorized the filing of such motion, that ruling is an order from which an appeal may be taken. *In re Upset Price Tax Sale for Springfield Twp.,* 700 A.2d 607, 610 (Pa.Cmwlth.1997). In the instant case, common pleas did not invite the parties to file post-trial motions. However, common pleas did act upon the post-trial motion filed by the Authority and granted a new trial. Rule of Appellate Procedure 311 governs interlocutory appeals as of right. Rule 311(a)(6) provides:

(a) General rule. An appeal may be taken as of right and without reference to Pa. R.A.P. 341(c) from:

(6) New trials. An order in a **civil action or proceeding** awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the lower court committed an error of law.

Pa. R.A.P. 311(a)(6) (emphasis added). This court must determine whether Appellate Rule 311(a)(6) encompasses the grant

of a new trial in a statutory appeal by common pleas.[3]

Appellate Rule 311(a)(6) permits an immediate interlocutory appeal of an order awarding a new trial in a **civil action or proceeding.** Appellate Rule 311 does not specifically address statutory appeals. In *East v. Workers' Compensation Appeal Board (USX Corporation/Clairton),* 574 Pa. 16, 23, 828 A.2d 1016, 1020 (2003), the Supreme Court held that a workers' compensation proceeding is not a civil action, but rather an administrative action, distinct from a civil action. The Supreme Court held that workers compensation proceedings and civil actions have different substantive and procedural provisions and remedies, and that the tribunals vested with original jurisdiction and initial appellate jurisdiction are likewise distinct. *Id.* This analysis applies equally to an action brought initially before a local agency such as the Board, and thereafter appealed to common pleas. Thus, this court concludes that the term "civil action" does not encompass statutory appeals.

The Judicial Code defines "proceeding" as follows: "[i]ncludes every declaration, petition or other application which may be made to a court under law or usage or under special statutory authority, **but the term does not include an action or an appeal.**" 42 Pa.C.S. § 102 (emphasis added). The Judicial Code defines "appeal" as: "[a]ny petition or other application to a court for review of subordinate governmental determinations...." 42 Pa.C.S. § 102. The matter at hand is an appeal from a determination of a local agency. Therefore, this court concludes that "proceeding" as used in Appellate Rule 311(a)(6) does not encompass a statutory appeal from a local agency. Accordingly, an interlocutory appeal of an order granting a new hearing in a statutory appeal can not be brought pursuant to Appellate Rule 311(a)(6).

■ Rule 341 of the Appellate Rules of Procedure governs the appealability of final orders. Appellate Rule 341(b) provides that "an appeal may be taken as right from any final order of an administrative agency or lower court." A final order is defined as any order that:

(1) disposes of all claims and of all parties; or

(2) is expressly defined as a final order by statute; or

(3) is entered as a final order pursuant to subdivision (c) of this rule.

Pa. R.A.P. 341(b). The order granting a new trial did not dispose of any claims, but rather, provides the Authority with an opportunity to file a full and complete record of the Board and absent such filing, common pleas will hear the appeal *de novo.* Appellate Rule 341(b)(2) is not applicable because there is no statute which expressly defines this type of order as a final order. Appellate Rule 341(b)(3) is not applicable as this is not a case involving multiple claims and parties.[4] Thus, an or-

---

**3.** An order denying a new trial in a civil action is interlocutory and is unappealable until entry of a final judgment. *Myerson v. Rolling Hill Hosp.,* 289 Pa.Super. 185, 432 A.2d 1114, 1115 (1981).

**4.** Appellate Rule 341(c) provides in relevant part:

Determination of finality. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

der granting a new trial does not constitute a final order pursuant to Appellate Rule 341.

■ Appellate Rule 313 governs the appeal of collateral orders. An appeal of a collateral order of an administrative agency may be taken as of right. Pa. R.A.P. 313(a). A collateral order is defined as:

A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa. R.A.P. 313(b). The collateral order doctrine "is to be construed narrowly to preserve the integrity of the general rule that only final orders may be appealed; thus, the requirements for a collateral order are applied relatively stringently." *In re Estate of Stricker,* 602 Pa. 54, 61, 977 A.2d 1115, 1119 (2009) (citations omitted). An appellant must satisfy all three criteria set forth in Appellate Rule 313(b) in order to be entitled to an immediate appeal of a collateral order. *Green Mt. Energy Co. v. Pa. Pub. Util. Comm'n,* 812 A.2d 740, 745 (Pa.Cmwlth.2002).

■ An order is separable if it does not affect the merits of the main cause of action. *Id.* Common pleas granted a new hearing because it made an error of law. Specifically, common pleas determined that it had failed to follow the proper procedures set forth in Section 754 of the AAL regarding the scope and standard of review. The error of law cited by common pleas as the basis for granting a new trial does not affect the merits of Appellants' claim that the Authority improperly invoiced their account in the amount of $12,627.18. Thus, common pleas' error of law is separable from the merits.

■ The second element of the collateral order doctrine requires that the right involved be too important to be denied

review. If this matter had been brought as a civil action rather than a statutory appeal, Appellants would have been entitled to interlocutory appeal as right pursuant to Appellate Rule 311(a)(6). In promulgating Appellate Rule 311(a)(6), our Supreme Court implicitly acknowledged that a party has a right to avoid re-litigation of a matter due to a grant of a new trial by seeking immediate judicial review in an appellate court. A rehearing of Appellants' statutory appeal is just as onerous to Appellants as a retrial of civil action would be. This court finds that a grant of a new trial in a statutory appeal is analogous to the grant of a new trial in a civil action. Therefore, it follows that just as the grant of new trial is immediately appealable in a civil action, the grant of a new trial in a statutory appeal is immediately appealable as a party's right to avoid re-litigation of a statutory appeal is too important to be denied review.

■ Finally, Appellants satisfy the third element of the collateral order doctrine, which requires that the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Appellants' claim that they should not be required to re-litigate this matter will be moot if a new trial is conducted and an appeal to this court is taken thereafter. Accordingly, this court concludes that Appellants have satisfied all the elements of the collateral order doctrine and this court has jurisdiction over this matter pursuant to Appellate Rule 313.

■ As this court has jurisdiction pursuant to the collateral order doctrine, we must determine whether common pleas erred in granting a new trial. Trial courts have broad discretion to grant or deny a new trial. A trial court may grant a new trial where the original trial, because of taint, unfairness or error, produces some-

thing other than a just and fair result. *Harman ex rel. Harman v. Borah*, 562 Pa. 455, 465–66, 756 A.2d 1116, 1121 (2000). New trial orders are subject to appellate review, but absent a clear abuse of discretion by the trial court, appellate courts must not interfere with a trial court's authority to grant or deny a new trial. *Id.*

▮▮▮ A trial court follows a two-step process when responding to a request for new trial. First, a trial court must decide whether one or more mistakes occurred at trial. 562 Pa. at 467, 756 A.2d at 1122. Mistakes might involve factual, legal, or discretionary matters. Second, if a trial court concludes that a mistake (or mistakes) occurred, it must determine whether the mistake is a sufficient basis for granting a new trial. The moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake. *Id.* "This second factor recognizes that the so-called 'harmless error doctrine' underlies every decision to grant or deny a new trial; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the alleged mistake." *Smith v. SEPTA*, 913 A.2d 338, 342 (Pa.Cmwlth.2006).

▮▮▮ An appellate court must undertake a dual-pronged analysis to review the two-step process of a trial court for granting or denying a new trial.[5] *Harman*, 562 Pa. at 467, 756 A.2d at 1122. We must examine the decision of the trial court to determine whether we agree that a mistake was made. *Id.* If the mistake involved a discretionary act, this Court will review for an abuse of discretion. 562 Pa. at 468, 756 A.2d at 1123. If the mistake concerned an error of law, this Court will scrutinize for legal error. *Id.* If there were no mistakes at trial, this Court must reverse a decision by the trial court to grant a new trial because the trial court cannot order a new trial where no error of law or abuse of discretion occurred. 562 Pa. at 467, 756 A.2d at 1122.

Here, common pleas' authority to remand or hear a case *de novo* is tied to a finding that a complete record was not made before the local agency. Only if common pleas determined that the record before the agency was incomplete does it have discretion to determine the manner of correcting a deficient record. *Ret. Bd. of Allegheny County v. Colville*, 852 A.2d 445, 450 (Pa.Cmwlth.2004) *appeal after remand at* 888 A.2d 21 (Pa.Cmwlth.2005), *aff'd*, 592 Pa. 433, 926 A.2d 424 (2007); *The School District of the City of Erie v. Hamot Med. Center of the City of Erie*, 144 Pa.Cmwlth. 668, 602 A.2d 407, 408 (1992) ("It is clear from the language of Section 754 that the trial court is empowered to hear the case *de novo* only if it determines that the record before the local agency was incomplete.").

Common pleas determined that it had committed an error of law pursuant to Section 754 of the AAL by failing to determine whether the record submitted by the Authority was a complete record before

---

5. The Pennsylvania Supreme Court has noted that an appellate court may exercise one of two possible scopes of review when reviewing the grant or denial of a new trial.

> There is a narrow scope of review: "where the trial court articulates a single mistake (or a finite set of mistakes), the appellate court's review is limited in scope to the stated reason, and the appellate court must review that reason under the appropriate standard." . . .

> [Conversely,] if the trial court leaves open the possibility that reasons additional to those specifically mentioned might warrant a new trial, or orders a new trial 'in the interests of justice,' the appellate court applies a broad scope of review, examining the entire record for any reason sufficient to justify a new trial.
>
> *Harman*, 562 Pa. at 467–68, 756 A.2d at 1122 (internal citations omitted).

proceeding to a *de novo* hearing. 2 Pa. C.S. § 754 provides:

(a) INCOMPLETE RECORD.—In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

(b) COMPLETE RECORD.—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa.C.S. § 706 (relating to disposition of appeals).

Common pleas further found that a determination of whether the record is complete or incomplete is a non-discretionary act.

A review of the transcript reveals that common pleas proceeded to a hearing *de novo* after being advised by counsel for the Authority that this was the appropriate method of review of the agency determination. It did so, however, without first independently reviewing the record to determine its completeness. We agree with the trial court that this procedure was not in accordance with Section 754 of the AAL. The court did, however, make such a review post trial and determined the agency record to be inadequate. Moreover, at the *de novo* hearing both parties had the opportunity to submit documents into evidence and adduce testimony, thus compiling a complete record, and the trial court did not find that any error occurred during the course of that hearing. Therefore, the failure to make the determination required by Section 754 *before* proceeding *de novo* is entirely harmless, and we reverse the grant of a new trial.

### ORDER

AND NOW, this 23rd day of June, 2010, the order of the Court of Common Pleas of Allegheny County granting a new trial in the above-captioned matter is hereby REVERSED.