# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Miravich and Patricia J.    :
Miravich, Sue Davis-Haas, Richard H.  :
Haas, Ida C. Smith, Zildia Perez, Leon  :
Perez, Donna Galczynski, Kevin     :
Galczynski, Alan Ganas, Renee      :
Froelich and Scott Matthews,      :
             Appellants    :
                       :
         v.           :  No. 2066 C.D. 2013
                       :  Argued:  June 16, 2014
Township of Exeter and         :
Metrodev V, LP             :


**BEFORE:**    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                  **HONORABLE ROBERT SIMPSON,** Judge
                  **HONORABLE MARY HANNAH LEAVITT,** Judge


<u>OPINION NOT REPORTED</u>


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                       **FILED:  July 24, 2014**


        This is an appeal from an order of the Court of Common Pleas of Berks County (trial court) remanding a land use appeal of a preliminary subdivision plan to the Exeter Township Zoning Hearing Board (ZHB).  We affirm as modified.

        A comprehensive recitation of the facts and procedural history of this dispute can be found in *Metro Dev V, LP v. Exeter Township Zoning Hearing Board*, (Pa. Cmwlth., No. 1367 C.D. 2013, filed __).  For the purposes of this appeal, the following facts are relevant.

Appellants are owners of properties adjacent to the proposed residential development of Metro Dev V LP. The subject property is approximately 47.294 acres in an area where the boundary lines of the Township of Exeter, Berks County, Pennsylvania and two surrounding municipalities, Lower Alsace Township and Alsace Township, meet.

On September 2, 2005, a preliminary subdivision plan (Plan) was submitted to the Board of Supervisors of Exeter Township (Township) for a residential development on the property called "Windy Willows," comprising thirty-four residential lots, twenty-six of which are located within Exeter Township. Waivers were sought from the Township's Subdivision and Land Development Ordinance No. 550 (SALDO). On July 14, 2008, the Township approved the Plan, subject to certain conditions. The Township also granted waivers from certain sections of the SALDO, but expressly reserved its determination of other waiver requests until the final plan approval stage.

On August 13, 2008, Appellants filed a land use appeal with the trial court and, in response, Metro Dev intervened. The trial court denied Appellants' land use appeal, determining that the Township did not err in granting waivers from sections of the SALDO. From this decision, Appellants further appealed to this court, asserting that the Township considered the Plan under the wrong ordinance and that the Township's approval of the Plan was defective.[1] The court agreed with Appellants that the Township considered the Plan under the wrong zoning ordinance. *Miravich v. Twp. of Exeter*, 54 A.3d 106, 113 (Pa. Cmwlth.

---

[1] Appellants assert that the Township's approval of the Plan was defective for (1) failure to require sewage certification at the initial stage; (2) the lack of substantial evidence to support the grant of the SALDO waivers; and (3) having postponed a decision on the grant of certain waivers until review of the final plan.

2012) (*Miravich II*). The court also concluded that because the Township had failed to explain the nature of the hardship for the waivers granted, it had failed to provide a proper basis for this court to determine whether the Township had erred or abused its discretion in granting the waivers. *Id* at 114. The court concluded by stating, "we affirm in part, reverse in part and remand the matter for reconsideration in accordance with the foregoing opinion." *Id* at 115.

Both parties filed petitions for allowance of appeal to the Pennsylvania Supreme Court. Following the Supreme Court's denial of these petitions, the trial court *sua sponte* entered an order remanding the appeal from the approval of the Plan to the ZHB. On February 24, 2014, the trial court issued an opinion in which it stated that it was appropriate to remand to the ZHB to apply the correct ordinance to the land use application. Trial Court's Opinion at 1-2. Appellants filed an appeal with this Court.

Appellants assert that their appeal of the trial court's remand order is appealable under the collateral order doctrine. Additionally, Appellants argue that the ZHB does not have jurisdiction to review their land use appeal because jurisdiction over such matters lies with the board of supervisors. Section 909.1(b)(2) of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. § 10909.1(b)(2).[2]

Pennsylvania Rule of Appellate Procedure 313(a), Pa. R.A.P. 313(a), states that "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." An order is defined as a "collateral order" if all three of the following requirements are met: (1) the order is separable from,

---

[2] Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L. 1329, *as amended*.

3

and collateral to, the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa. R.A.P. 313(b); *Adams v. Dep't of Health*, 967 A.2d 1082 (Pa. Cmwlth. 2009). In reviewing these criteria, we have held that an order is separable if it does not affect the merits of the main cause of action. *Pittsburgh Water and Sewer Auth. v. Gladstone*, 999 A.2d 1248 (Pa. Cmwlth. 2010). With respect to the second requirement, our Supreme Court has held that the issue must involve rights that are "deeply rooted in public policy going beyond the particular litigation at hand." *Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999).

The order remanding this matter to the ZHB meets the requirements of the collateral order doctrine. This matter started out as a land use appeal from approval of a preliminary subdivision and land development plan. This court affirmed in part, reversed in part and remanded for further consideration of the plan submitted by Metro Dev consistent with our opinion. The main cause of action is review of the plan but the issue of which tribunal should do so is separable therefrom. Further, remand to the appropriate tribunal involves the parties' due process right to have the case heard before a tribunal having jurisdiction over the matter. *Lewis v. Sch. Dist. of Phila.*, 690 A.2d 814 (Pa. Cmwlth. 1997) (stating that the essential elements of due process are notice and opportunity to be heard in a proceeding before a tribunal having jurisdiction over the matter). Finally, if the remand order is not reviewed now, Appellants will be forced to participate in a hearing before a tribunal without jurisdiction over the matter. Accordingly, we conclude that this Court has jurisdiction over the matter as a collateral order. *Gilyard v. Redev. Auth. of Phila.*, 780 A.2d 793, 794 (Pa.

4

Cmwlth. 2001) (noting that an appeal from a trial court order remanding an eminent domain matter to an arbitrator was an appealable collateral order because the Eminent Domain Code required that all appeals from a board of viewers be heard only in a trial court).

We turn now to the merits of this appeal. Appellants argue that pursuant to Section 909.1(b)(2) of the MPC, the governing body has exclusive jurisdiction over land use appeals concerning subdivision and land development plans. Section 909.1(b)(2) provides in relevant part:

> (b) The governing body or, except as to clauses (3), (4) and (5), the planning agency, if designated, shall have exclusive jurisdiction to hear and render final adjudications in the following matters:
> ****
> (2) All applications pursuant to section 508 for approval of subdivisions or land developments under Article V.

The Appellants are correct. The MPC squarely places jurisdiction over approval of subdivision and land use plans with the governing body and not the ZHB.[3] The trial court, therefore, erred in remanding the Plan to the ZHB rather than to the governing body.

Accordingly, the order of the trial court is affirmed as modified. The trial court shall remand this matter for further proceedings before the Township.

---

[3] Additionally, Section 501 of the MPC, 53 P.S. § 10501, provides in relevant part:
> The governing body of each municipality may regulate subdivisions and land development within the municipality by enacting a subdivision and land development ordinance. The ordinance shall require that all subdivision and land development plats of land situated within the municipality shall be submitted for approval to the governing body….

The remand order is stayed pending resolution of Metro Dev's procedural validity challenge at issue in *Metro Dev V, LP v. Exeter Township Zoning Hearing Board*, being filed concurrently with this opinion.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Miravich and Patricia J. :
Miravich, Sue Davis-Haas, Richard H. :
Haas, Ida C. Smith, Zildia Perez, Leon :
Perez, Donna Galczynski, Kevin :
Galczynski, Alan Ganas, Renee :
Froelich and Scott Matthews, :
      Appellants :
         :
    v.     :  No. 2066 C.D. 2013
         :
Township of Exeter and :
Metro Dev V, LP :

## O R D E R

AND NOW, this 24th day of July, 2014, the order of the Court of Common Pleas of Berks County is hereby affirmed as modified. The above-captioned matter shall be remanded to the Board of Supervisors of the Township of Exeter. Further proceedings shall be stayed pending disposition of Metro Dev V, LP's procedural validity challenge to Exeter Township Zoning Ordinance No. 596.

        _____
        **BONNIE BRIGANCE LEADBETTER,**
        Judge