# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Anthony Dardanell       :
                                    :
           v.                   :
                                    :   No. 316 C.D. 2016
Commonwealth of Pennsylvania,   :   Submitted: July 15, 2016
Department of Transportation,     :
Bureau of Driver Licensing,        :
                                    :
            Appellant         :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                 **FILED:  September 9, 2016**

This matter is an appeal by the Department of Transportation, Bureau of Driver Licensing (Department) from an order of the Court of Common Pleas of Allegheny County (trial court) sustaining the appeal of Edward Anthony Dardanell (Dardanell) from a one-year suspension of his driver's license imposed by the Department under Section 1547(b)(1)(i) of the Vehicle Code (Code),[1] for reported refusal to submit to chemical testing. For the reasons set forth below, we reverse, and remand to the trial court with instructions to remand to the Department to reinstate the one-year suspension of Dardanell's driver's license.

---

[1] 75 Pa. C.S. § 1547(b)(1)(i).

On June 17, 2014, Dardanell was notified that his operating privileges were being suspended effective July 22, 2014 for one year for refusal to submit to chemical testing. (Reproduced Record (R.R.) at 7a-9a). Dardanell filed a timely statutory appeal, and the trial court set a hearing date as October 9, 2014. (R.R. at 15a.) According to the transcript of the *de novo* hearing held on that date before the Honorable Robert C. Gallo, the court clerk announced the matter and stated simply, "[w]ithdrawn by counsel." (Hearing Transcript, R.R. at 14a-15a.) The pertinent docket entry is dated October 9, 2014 and states: "Order of Court is dated 10/9/14. The appeal of the defendant is withdrawn – by counsel. Judge, J. Notices sent by Department of Court Records, Civil Division." (Docket, R.R. at 2a.) Also on October 9, 2014, Judge Gallo issued an order (10/9/14 Order) on a preprinted form of order that provides a series of boxes to be checked; the five boxes are labelled: "1.1 Dismissed.," "1.2 Sustained.," "1.3 Withdrawn.," "1.4 REMANDED to the [Department] for correction of record," and 1.5. REMANDED to the [Department] [to] rescind the suspension and to reschedule the departmental hearing…." (Order of Court, R.R. at 17a.) On the 10/9/14 Order, the box labelled "Withdrawn" is checked, and handwritten next to the word "Withdrawn" are the words "By Counsel." (*Id.*) The 10/9/14 Order states that when either the box indicating a dismissal of the appeal or the box indicating a withdrawal of the appeal is checked, paragraph 2.5 of the form, which acknowledges paragraphs 2.1 through 2.4 of the form, must be signed by the petitioner. (*Id.*) The 10/9/14 Order further provides, at paragraph 2.5, a signature line for the acknowledgement by "Petitioner/Petitioner's Attorney" of paragraphs 2.1, 2.2, 2.3, and 2.4, and the signature line on the 10/9/14 Order contains a signature. (*Id.*)

No appeal was taken from the 10/9/14 Order, nor was a motion for reconsideration filed. (*Id*.) On October 29, 2014, the Department mailed a new notice, which notified Dardanell that his driving privileges were suspended effective December 3, 2014. (R.R. at 21a.)

Dardanell's counsel subsequently filed a "Motion to Vacate Order and Relist for Hearing," which states that "the paralegal tasked with notifying [Dardanell] failed to notify [Dardanell] of the license suspension hearing and [Dardanell] did not present himself at the scheduled hearing." (Motion to Vacate Order and Relist for Hearing (Motion to Vacate), R.R. at 19a.) The Motion to Vacate further indicates that the dismissal of Dardanell's appeal was solely due to his counsel's office's error and requests the dismissal of Judge Gallo's 10/9/14 Order and a relisting of the matter for disposition. (*Id*.) The Motion to Vacate is not dated; however, according to the Department, which filed an "Answer and New Matter to Motion to Vacate Order and Relist for Hearing" on December 1, 2014, the Motion to Vacate was filed on November 25, 2014. (Department Answer and New Matter to Motion to Vacate Order and Relist for Hearing (Department Answer), R.R. at 35a.) There is a docket entry indicating the Department Answer was filed on December 1, 2014, but there is no docket entry for the Motion to Vacate. (Docket, R.R. at 1a-2a.) In its Answer, the Department avers that Dardanell's counsel appeared for the October 9, 2014 hearing and, by his signature, consented to the entering of an order withdrawing Dardanell's appeal. (Department Answer, R.R. at 33a.)

Following a brief hearing, on December 4, 2014 Judge Gallo issued an order granting the Motion to Vacate, and re-listed Dardanell's statutory appeal for hearing on January 8, 2015 (12/4/14 Order). The record indicates that the

3

matter was continued on five occasions thereafter, including three times when the arresting police officer did not appear. (Motions for Postponement, R.R. at 57a-61a.) On February 18, 2016, the matter was heard before Honorable Susan Evashavik DiLucente; the arresting police officer did not appear and Judge DiLucente sustained the appeal. (Trial Court Order, R.R. at 68a.) The Department filed a timely notice of appeal to this Court.[2]

In a 1925(a) statement, the trial court summarized the Department's stated position; i.e., that Judge Gallo's 10/9/14 Order, in which he determined that Dardanell's statutory appeal was withdrawn, was a final order that was not appealed within 30 days by Dardanell, and Judge Gallo therefore lacked jurisdiction, as of November 10, 2014, for his 12/4/14 Order in which he vacated his 10/9/14 Order and re-listed the appeal for a hearing. The trial court agreed that the 10/9/14 Order was a final order; however, referencing Pa. R.A.P. 311(a)(6),[3] the trial court stated that an order in a civil action or proceeding awarding a new

---

[2] This Court's review of a trial court order in an appeal from a license revocation is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Cesare v. Department of Transportation, Bureau of Driver Licensing*, 16 A.3d 545, 548 n.6 (Pa. Cmwlth. 2011).

[3] Rule 311 of the Rules of Appellate Procedure governs interlocutory appeals as of right, and provides that an appeal may be taken as of right and without reference to Pa. R.A.P. 341(c) from, *inter alia*:

> (6) New trials. An order in a *civil action* or *proceeding* awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that proper disposition of the matter would be an absolute discharge or where the Commonwealth Claims that the lower court committed an error of law.

Pa. R.A.P. 311(a)(6). (emphasis supplied.)

4

trial is an interlocutory order appealable as of right, and when Judge Gallo granted Dardanell's Motion to Vacate on December 4, 2014, the Department had a right, within 30 days, to seek judicial review, and its failure to file a timely appeal from the 12/4/14 Order that granted the Motion to Vacate bars it from filing an appeal now.

Before this Court, the Department contends that the trial court lacked subject matter jurisdiction to enter its 12/4/14 Order, which vacated its 10/9/14 Order. We agree. The 10/9/14 Order was a final order that completely disposed of Dardanell's appeal from the suspension of his operating privileges.[4] *See Probst v. Department of Transportation, Bureau of Driver Licensing*, 849 A.2d 1135, 1141-42 (Pa. 2004). Pursuant to Section 5505 of the Judicial Code, 42 Pa. C.S. § 5505,[5] the last day on which the trial court was empowered to modify or vacate the 10/9 Order was November 10, 2014. *Ness v. York Township Board of Commissioners*, 123 A.3d 1166, 1169 (Pa. Cmwlth. 2015). Accordingly, the trial court lacked jurisdiction to enter its order on December 4, 2014, and the proceedings which followed that order are therefore null and void.

---

[4] Rule 341(b) of the Rules of Appellate Procedure defines a final order as any order that: (1) disposes of all parties; or (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c) of this rule. Pa. R.A.P. 341(b). Subdivision (c) governs the determination of finality when more than one claim for relief is presented in an action.

[5] Section 5505 of the Judicial Code provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa. C.S. § 5505.

5

Dardanell contends that in granting the Motion to Vacate, the trial court exercised its equitable power to do so beyond the statutory 30-day reconsideration period; he argues that in this case, an extraordinary cause justified the court's intervention. However, Pennsylvania courts have determined that such 'extraordinary causes' are limited in nature; in *Manufacturer and Traders Trust Company v. Greenville Gastroenterology, SC*, 108 A.3d 913 (Pa. Super. 2015), a case cited by Dardanell, our Superior Court made clear that "mistakes or ordinary neglect by counsel do not constitute extraordinary circumstances." *Id*. at 919. Here, the appeal was withdrawn at counsel's request and his consent was affirmed by his signature on the 10/9/14 Order. We find no extraordinary circumstances here.

Dardanell further contends that the Department waived its ability to challenge the 12/4/14 Order, arguing that under Pa. R.A.P. 311 (relating to interlocutory appeals) an appeal *may* be taken as of right from "[a]n order in a civil action or proceeding awarding a new trial," but an order in a civil action or proceeding sustaining jurisdiction over a person *must* be appealed in order to preserve all objections thereto, and failure to do so results in a waiver of all such objections. Pa. R.A.P. 311(g)(1)(ii). However, we find that Pa. R.A.P. 311(g)(1)(ii) is not applicable here. In *Pittsburgh Water and Sewer Authority v. Gladstone*, 999 A.2d 1248 (Pa. Cmwlth. 2010), we determined that an interlocutory appeal of an order granting a new hearing in a statutory appeal cannot be brought pursuant to Rule 311(a)(6), because a statutory appeal is neither a "civil action" nor a "proceeding" under that rule. *Pittsburgh Water*, 999 A.2d at 1253. In *Pittsburgh Water*, we determined that an order in a statutory appeal granting a new trial satisfied the definition of a collateral order and was immediately appealable

6

under Pa. R.A.P. 313(b).[6] Pursuant to Pa. R.A.P. 313(a), an appeal *may*, but is not required, to be taken as of right from the collateral order of an administrative agency or lower court. In addition, the trial court's grant of a new trial is not an order sustaining personal jurisdiction and would therefore not be subject to mandatory appeal under Pa. R.A.P. 311(g)(1)(ii) even if Pa. R.A.P. 311 applied. Thus, the Department was not required to file an interlocutory appeal of the 12/4/14 Order that granted Dardanell a new hearing. Accordingly, we find that the trial court erred in holding that the Department was barred from appealing the February 18, 2015 order, which sustained Dardanell's appeal, because it did not appeal the 12/4/14 Order.

We therefore reverse the order of the trial court, and remand with instructions to reinstate the one-year suspension of Dardanell's driver's license.

_____
JAMES GARDNER COLINS, Senior Judge

---

[6] Pa. R.A.P. 313(b) provides:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Anthony Dardanell :
:
v. :
: No. 316 C.D. 2016
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing, :
:
Appellant :

# **O R D E R**

AND NOW, this 9th day of September, 2016, the order of the Court of Common Pleas of Allegheny County (Trial Court) in the above-captioned matter is REVERSED. This matter is REMANDED to the Trial Court, with direction to reinstate the one-year suspension of Edward Anthony Dardanell's driver's license.

Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge